ELLEN S. BONNETTE, as Executrix of MARGARET SCONE, Deceased, Appellant, *v.* JOSEPH A. MOLLOY, Respondent.

Appeal — jurisdiction of Appellate Division upon review of a judgment — findings of fact not dispensed with by section 1317 of Code of Civil Procedure — when new trial should be granted instead of judgment absolute.

1. Under the authority conferred by the Constitution (Art. VI, § 2), to grant additional jurisdiction to the Appellate Division, the legislature possesses the power to enlarge the jurisdiction of that tribunal to the extent of dealing with the evidence in an equity suit as the trial court should have done, and directing judgment accordingly.

2. Section 1317 of the Code of Civil Procedure, as amended by chapter 380 of the Laws of 1912, empowers the Appellate Division

upon the review of a judgment to "render judgment of affirmance, judgment of reversal and final judgment upon the right of any or all of the parties, or judgment of modification thereon, according to law except where it may be necessary or proper to grant a new trial or hearing." The legislature did not intend thereby to dispense with the necessity of findings of fact sufficient to sustain the conclusions of law reached by the Appellate Division, but in a case where additional findings are requisite to support the judgment which that court orders, such findings must be made in express terms, in the order of reversal.

3. Where evidence was offered in behalf of the appellant which was at first received by the trial judge and subsequently stricken out on motion, and neither the evidence nor plaintiff's exceptions to the ruling of the court thereon are contained in the record, a new trial should be granted instead of directing judgment absolute for the defendant.

*Bonnette* v. *Molloy*, 153 App. Div. 73, modified.

(Argued May 14, 1913; decided June 20, 1913.)

APPEAL from a judgment entered December 27, 1912, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and directing judgment for defendant.

The nature of the action and the facts, so far as material, are stated in the opinion.

*D-Cady Herrick* and *Charles D. Donohue* for appellant. The Appellate Division had no power to make, in effect, a new finding of fact and reverse another, and render judgment absolute upon the findings of fact of the trial court as thus modified and reversed. (*Matter of Chapman*, 162 N. Y. 456; *Duclos* v. *Kelley*, 197 N. Y. 76; *Cutter* v. *Gudebrod Bros. Co.*, 168 N. Y. 512; *Putnam* v. *Lincoln Safe Deposit Co.*, 191 N. Y. 166; *Benedict* v. *Arnoux*, 154 N. Y. 15.) The court erred in granting judgment absolute for the defendant; for the reason that it does not appear, from the record, that addi-

tional facts could not be developed upon a retrial. (*Matter of Levy*, 91 App. Div. 483.)

*James F. Fogarty* for respondent.

WILLARD BARTLETT, J.   On July 8, 1903, Margaret Scone, the plaintiff's testatrix, deposited $2,200 in the New York Savings Bank, which thereupon issued a bank book describing the account as follows: "New York Savings Bank in Acct. Joseph A. Molloy or Margaret Scone, payable to either and to the survivor." At the time of the death of Margaret Scone on June 13, 1907, there remained in this account an undrawn balance amounting to $1,800.   On February 3, 1909, the plaintiff, as executrix of Margaret Scone, brought an action against the New York Savings Bank to recover this balance, whereupon Joseph A. Molloy obtained an order of interpleader substituting him as defendant, thus transforming the action into a suit in equity to determine the ownership of the savings bank fund, to which the substituted defendant claimed to be entitled as survivor of the two persons in whose names the account was opened.

In his answer the defendant alleged that he himself opened the account, but the trial judge decided that the account was opened by Margaret Scone and that she did not intend to give the money to the defendant.   The Appellate Division has differed from the court at Special Term upon both these points.   It reversed the judgment as to part of the sixth finding of fact, which was to the effect that the said Margaret Scone opened the account; and it also reversed the whole of the eleventh finding of fact, which was to the effect that Margaret Scone did not intend to give the money in the account to the defendant.   The order of reversal further directed judgment in favor of the defendant for the relief demanded in his answer to the effect that he was entitled to the whole of the savings bank fund, with accrued interest thereon.

The disposition which has thus been made of the case presents for consideration the effect of the amendment to section 1317 of the Code of Civil Procedure by chapter 380 of the Laws of 1912 which became operative on September 1, 1912; so far as such amendment relates to the power of the Appellate Division upon the review of judgments rendered in equity suits or other cases tried before the court without a jury. The amended section empowers the Appellate Division upon the review of a judgment to "render judgment of affirmance, judgment of reversal and final judgment, upon the right of any or all of the parties, or judgment of modification thereon according to law, except where it may be necessary or proper to grant a new trial or hearing." In the present case the Appellate Division considered that section 1317 as thus amended authorized it to grant the judgment that should have been granted by the trial court; and that the circumstances were appropriate for the exercise of that power inasmuch as there was no conflict in the evidence, notwithstanding that this conclusion involved not merely a reversal of some of the findings but a different view of the facts in other respects from that entertained by the trial court. The learned judge who wrote for the Appellate Division says: "I assume it will be presumed on any appeal to the Court of Appeals from such a final judgment that the Appellate Division has made every determination of fact warranted by the evidence in support of the judgment which it has granted, the same as we now presume a finding of fact by the trial court in support of a judgment where such findings would be warranted by the evidence." He, therefore, concludes that the Appellate Division is not required to formulate any finding of fact in such an order of reversal; although unless additional findings of fact are presumed to have been made the judgment directed by the Appellate Division would be without sufficient support.

The effect of the amendment to section 1317 of the Code of Civil Procedure as thus construed is to empower the Appellate Division (1) to reverse any finding made by the trial court or any part thereof; (2) to modify any such finding or any part thereof; and (3) to direct final judgment in accordance with the view which the Appellate Division may take of the evidence in the case without actually making any new findings to support such judgment.

In the case at bar the trial judge as has already been pointed out found that the decedent did not intend to give the money which was deposited in the savings bank to the defendant. The Appellate Division, on the other hand, holds that the preponderance of the evidence shows that she intended to make the defendant a joint owner of the account with herself. The Appellate Division, however, has made no findings to this effect; but declares such express finding to be unnecessary under the new practice conceived to be introduced by the amendment of section 1317. That court, therefore, has interfered with the finding of the trial judge only to the extent of reversing those portions which hold that the account was opened by Margaret Scone alone and that she did not intend to give the money to the defendant. The Appellate Division has made no express finding as to what was her actual intent in the premises. Such a finding according to the view entertained by that court is to be implied if necessary when the case comes here for review.

We are unable to concur in this interpretation of section 1317 of the Code. Assuming that the amendment is broad enough to give the Appellate Division power to deal with the evidence in the record in an equity suit just as a trial court ought to have dealt with it, we think the legislature did not intend to dispense with the necessity of express findings of fact sufficient to sustain the conclusions of law reached by the Appellate Division and thus to uphold the final judgment which that court shall direct.

In other words, whenever there is a final judgment in an equity suit it must have a basis in findings of fact; and if a reversal of certain specified findings of fact by the Appellate Division renders necessary other and additional findings not made by the trial court in order to support the judgment to be awarded, such other and additional findings must be made by the Appellate Division and must appear in its order of reversal.   Otherwise upon an appeal of this kind the Court of Appeals may be forced to search through the evidence to ascertain for itself what conclusions of fact are warranted thereby which must have been found by the Appellate Division in order to sustain the judgment which it has directed; and yet where the evidence, as is frequently the case, is capable of supporting various inferences it will be impossible to ascertain which inference was adopted by the Appellate Division.   Such a process would be mere guesswork which might reasonably give cause of complaint to the defeated litigant, who is entitled to know precisely what was the decision of the court which has defeated him upon the questions of fact at issue in the cause.

In this discussion we have purposely abstained from going any further than is requisite for the determination of this particular appeal; and we do not pass upon the powers of the Appellate Division under section 1317 as amended, so far as the review of jury cases in any aspect is concerned.   Under the authority conferred by the Constitution in section 2 of article VI, to grant additional jurisdiction to the Appellate Division, we think the legislature possesses the power to enlarge the jurisdiction of that tribunal to the extent which has been indicated in this opinion; that is to say, to deal with the evidence in in an equity suit as the trial court should have done and direct judgment accordingly; but in exercising that power by the enactment of this amendment we think it intended in a case where additional findings are requisite to support the judgment which the Appellate Division

orders that such findings must be made in express terms, in the order of reversal, and not left to be gathered from a study of the evidence by the Court of Appeals.

Upon the trial of the present case evidence was offered in behalf of the plaintiff which was at first received by the trial judge and subsequently stricken out on motion. Precisely what this evidence was does not appear in the record now before us, nor are the exceptions of the plaintiff contained in that record. It might very well be that if such evidence and the exceptions were before us we should conclude that it was erroneously stricken out and that the plaintiff was entitled to the benefit thereof; in which event the entire case might have been presented in a different light to the court below and it might not have reached the conclusion that the defendant was entitled to prevail. Under such circumstances, in the absence of the plaintiff's exceptions and in view of the fact that he may have been deprived of admissible evidence which would have had a controlling effect in his favor, it seems hardly fair to determine his rights conclusively at this time. We are, therefore, of the opinion that the order of reversal by the Appellate Division should have awarded a new trial to the parties instead of directing judgment absolute for the defendant.

The judgment directed by the Appellate Division in favor of the defendant should be reversed and the order of the Appellate Division reversing the judgment of the Special Term should be modified so as to direct a new trial, and as thus modified affirmed, with costs to abide the event.

CULLEN, Ch. J., GRAY, CHASE, HOGAN and MILLER, JJ., concur; CUDDEBACK, J., concurs in result.

Judgment reversed, etc.