ALBERT G. LAMPORT, as Administrator of the Estate of HIRAM H. LAMPORT, Deceased, Appellant, *v.* MARY C. SMEDLEY, Respondent, Impleaded with Others.

**Appellate Division — power to make new findings and new decision thereon, upon reversing judgment or order of trial court.**

1. The Appellate Division has the power in all actions and proceedings, whether equitable or legal, except where the trial under review has been before a jury (Code Civ. Pro. § 1317, as amd. L. 1912, ch. 380), when it reverses the judgment of the trial court, to make its own findings and proceed to a new and complete adjudication.

2. A contention that chapter 380 of the Laws of 1912, amending section 1317 of the Code of Civil Procedure, does not apply to appeals pending at the time of its adoption, is untenable, and especially so where the case was not settled until after the amendment took effect and the appellant, the respondent on the appeal to the Appellate Division, had an opportunity to have his exceptions inserted.

*Lamport* v. *Smedley*, 155 App. Div. 516, affirmed.

(Argued October 22, 1914; decided November 10, 1914.)

APPEAL from a judgment entered March 19, 1913, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Edmund L. Mooney, Henry G. Gennert* and *Enos S. Booth* for appellant. The amendment to section 1317 of the Code of Civil Procedure (L. 1912, ch. 380), authorizing the Appellate Division to render final judgment upon reversal, did not go into effect until after the appeal was taken to the Appellate Division and, therefore, did not apply to this case nor authorize the final judgment appealed from. (*N. Y. & O. Co.* v. *Van Horn,* 57 N. Y.

473; *Germania Savings Bank* v. *Suspension Bridge,* 159 N. Y. 362; *G. & W. R. Co.* v. *N. Y. C. & H. R. R. R. Co.,* 163 N. Y. 228; *Ely* v. *Holton,* 15 N. Y. 595; *Matter of Miller,* 110 N. Y. 216; *Matter of Davis,* 149 N. Y. 539; *Matter of Sloane,* 154 N. Y. 109.) This court has jurisdiction to review the direction of the Appellate Division dismissing the complaint (even though the case be governed by the amendment to section 1317 of the Code) if the case be one where it is necessary or proper to grant a new trial as appellant contends. (*New* v. *Vil. of New Rochelle,* 158 N. Y. 41; *Bonnette* v. *Molloy,* 209 N. Y. 167; *Keller* v. *Keller,* 209 N. Y. 552; *Weaver* v. *Barden,* 49 N. Y. 286; *Thomas* v. *N. Y. L. Ins. Co.,* 99 N. Y. 250; *Elliott* v. *Guardian Trust Co.,* 204 N. Y. 212; *Oberndorf* v. *Farmers' Loan & Trust Co.,* 208 N. Y. 367; *Dennison Const. Co.* v. *Manneschmidt,* 204 N. Y. 404; *Farrell* v. *Farrell,* 205 N. Y. 450.)

*John S. Wise, Jr.,* for respondent. The amendment to section 1317 of the Code of Civil Procedure, authorizing the Appellate Division to render final judgment upon reversal, is only an amendment of procedure and applied to pending cases. (*Matter of Davis,* 149 N. Y. 539; *G. Sav. Bank* v. *Suspension Bridge,* 159 N. Y. 362; *People* v. *Qualey,* 210 N. Y. 202; *Lazarus* v. *Met. El. Ry. Co.,* 145 N. Y. 581; *Finch* v. *Carpenter,* 5 Abb. Pr. 225; *Peace* v. *Wilson,* 186 N. Y. 403; *McCrea* v. *Village of Champlain,* 35 App. Div. 89; *Matter of Palmer,* 40 N. Y. 561; *Myers* v. *Moran,* 113 App. Div. 427; *Brearley School* v. *Ward,* 201 N. Y. 358; *Laird* v. *Carton,* 196 N. Y. 169; *People* v. *City of Syracuse,* 128 App. Div. 702; *Krom* v. *Levy,* 60 N. Y. 126.) The case is not one where it is necessary or proper to grant a new trial, as contended. (*Elliott* v. *Guardian Trust Co.,* 204 N. Y. 212; *Dennison Const. Co.* v. *Manneschmidt,* 204 N. Y. 404; *Farrell* v. *Farrell,* 205 N. Y. 450; *New* v. *Vil. of New Rochelle,* 158 N. Y. 41; *Dixon* v. *James,* 181 N. Y.

129; *Duclos* v. *Kelly*, 197 N. Y. 76; *Putnam* v. *Lincoln S. D. Co.*, 191 N. Y. 166; *Riker* v. *Gwynne*, 201 N. Y. 143; *Bonnette* v. *Molloy*, 209 N. Y. 167; *Oberndorf* v. *F. L. & T. Co.*, 208 N. Y. 367.)

CARDOZO, J. The action is brought to set aside a transfer of certificates of stock and policies of insurance. The charge is that the defendant procured the transfer through undue influence and fraud. The court at Special Term found in favor of the plaintiff. The Appellate Division reversed the judgment as contrary to the evidence and dismissed the complaint. In so doing it followed the rule of practice laid down in *Bonnette* v. *Molloy* (209 N. Y. 167), and made its own findings. By these it is established that neither actual nor constructive fraud is chargeable to the defendant.

That the Appellate Division has the power in an action in equity, when it reverses the judgment of the trial court, to make its own findings and proceed to a new and complete adjudication, was held, by implication at least, in *Bonnette* v. *Molloy* (*supra*). If it be true, as the appellant's counsel asserts, that the decisions of this court are supposed by the bar to leave the existence of the power in doubt, it is time that the doubt be dispelled. Until the amendment which took effect September 1, 1912, section 1317 of the Code of Civil Procedure provided: "The Appellate Division * * * may reverse or affirm, wholly or partly, or may modify, the judgment or order appealed from, and each interlocutory judgment or intermediate order, which it is authorized to review, as specified in the notice of appeal, and as to any or all of the parties, and it may, if necessary or proper, grant a new trial or hearing." Under the law, as it then stood, a new trial was necessary unless it appeared to be impossible and not merely improbable that the result would be changed. (*Elliott* v. *Guardian Trust Co.*, 204 N. Y. 212; *Duclos* v. *Kelley*, 197 N. Y. 76; *Putnam* v. *Lincoln Safe Deposit Co.*, 191 N. Y.

166.)   By an amendment which took effect September 1, 1912, section 1317 (so far as its provisions are material in this case) was made to read as follows: "Upon an appeal from a judgment or an order, the appellate division of the supreme court, or appellate term, to which the appeal is taken, may reverse or affirm, wholly or partly, or may modify, the judgment or order appealed from, and each interlocutory judgment or intermediate order, which it is authorized to review, as specified in the notice of appeal, and as to any or all of the parties.   It shall thereupon render judgment of affirmance, judgment of reversal and final judgment upon the right of any or all of the parties, or judgment of modification thereon, according to law, except where it may be necessary or proper to grant a new trial or hearing, when it may grant a new trial or hearing."   The purpose of this amendment is not doubtful.   In equity causes, before the days of code practice, the appellate court was not constrained upon reversal to order a new trial, but might proceed to render whatever new decree the justice of the case required. (*Schenck* v. *Dart,* 22 N. Y. 420; *Benedict* v. *Arnoux,* 154 N. Y. 715, 725; *Penhallow* v. *Doane,* 3 Dallas, 54, 107; *Wickliffe* v. *Owings,* 17 How. [U. S.] 47; *Cragin* v. *Lovell,* 109 U. S. 194.)   The Appellate Division has now been reinvested with that power.   Indeed, the power has been extended, for it applies to all actions and proceedings whether equitable or legal, except where the trial under review has been before a jury.   The limitations upon the power of the appellate court in the latter class of cases we need not now consider.   The appellant insists that the grant of power to render final judgment is neutralized by the concluding provision that when necessary or proper, a new trial must be ordered.   He asks us to hold that, as a matter of law, a new trial is always necessary and proper when it is conceivable that new evidence might vary the result.   Such a construction of the statute would leave the law exactly where it stood before the

amendment was adopted. The legislature did not have in view a vain and nugatory enactment. It intended to work an important reform in procedure, and its purpose ought not to be thwarted by any narrow construction. The Appellate Division has still the power, when it is of the opinion that such relief would be in furtherance of justice, to order a new trial. In this case it held that justice would not be promoted by the concession of that privilege.

It is urged that the amendment of section 1317 does not apply to appeals pending at the time of its adoption. We cannot so restrict it. (*Matter of Davis*, 149 N. Y. 539; *Lazarus* v. *Met. El. Ry. Co.*, 145 N. Y. 581.) The point is made that since the appellant in this court was the respondent at the Appellate Division, his exceptions to the rulings of the trial judge were omitted from the case on appeal in accordance with the practice that prevailed before the statute was amended. It is argued that in such a situation the refusal of a new trial would work a denial of justice. The record does not sustain the argument. This case was not settled by the trial judge till October, 1912. That was after the amendment. The appellant, therefore, had an opportunity to have his exceptions inserted if he thought they were material. Even if the settlement of the case had preceded the amendment of the statute, the proper practice would have been for the appellant either to move to correct it, or at least to bring his exceptions to the notice of the Appellate Division by appropriate affidavit upon the settlement of its order. There is no presumption that there were any exceptions, and still more plainly none that any of them were material.

No other questions require consideration. The evidence is sufficient to sustain the findings of the Appellate Division, which are, therefore, controlling in this court.

The judgment should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., WERNER, CHASE, COLLIN, HOGAN and MILLER, JJ., concur.

Judgment affirmed.