EDGAR BERNARDINE, Respondent, *v.* CITY OF NEW YORK, Appellant, et al., Defendants.

Argued April 18, 1945; decided July 19, 1945.

*Ignatius M. Wilkinson, Corporation Counsel (Murray Sendler* of counsel), for appellant. I. On the evidence, the complaint should be dismissed. The fact that the horse ran at large was not due to any negligence on the part of defendants; and plaintiff assumed the risk of injury in tackling the horse. (*Hackett* v. *Lenox Sand & Gravel Co.,* 187 App. Div. 211; *Unger* v. *Forty-Second Street, etc., R. R. Co.,* 51 N. Y. 497; *Delaney* v. *Philhern Realty Holding Corp.,* 280 N. Y. 461; *McFarlane* v. *City of Niagara Falls,* 247 N. Y. 340; *Dreier* v. *McDermott,* 157 Iowa 726.) II. The action does not lie because section 50-b of the General Municipal Law is not applicable. A horse is not a '' facility of transportation '' within the meaning of the General Municipal Law. (*Douglass* v. *City of New York,* 266 App. Div. 717.) III. If the Trial Term erred in holding that the action does not lie, its omission to pass upon any of the evidence required the Appellate Division to grant a new trial instead of directing final judgment. (*Dack* v. *Dack,* 84 N. Y. 663; *Manufacturers' Co.* v. *McKey,* 294 U. S. 442; *Sioux City Bridge* v. *Dakota County,* 260 U. S. 441; *Gerdes* v. *Lustgarten,* 266 U. S. 321; *Boyd* v. *Boyd,* 252 N. Y. 422; *Smith* v. *Smith,* 273 N. Y. 380; *York Mortgage Corp.* v. *Clotar Const. Corp.,* 254 N. Y. 128; *People ex rel. MacCracken* v. *Miller,* 291 N. Y. 55; *Chamberlain* v. *Dempsey,* 15 Abb. Prac. 1; *Belmont* v. *Bouvert,* 3 Robt. 693; *Ciccolini* v. *Vocafilm Corp. of America,* 253 N. Y. 588.) IV. The Appellate Division lacked power to direct final judgment on reversal in this case. '' New findings '' authorized by statute are those which supersede findings made by the trial court. (*Heller* v. *Yaeger,* 283 N. Y. 19; *Imbrey* v. *Prudential Insurance Co.,* 286 N. Y. 434; *Foreman* v. *Foreman,* 251 N. Y. 237; *York Mortgage Corp.* v. *Clotar Const. Corp.,* 254 N. Y. 128; *Matter of Saxon* v. *Erie R. R. Co.,* 221 N. Y. 179; *Middleton* v. *Whitridge,* 213 N. Y. 499; *Caldwell* v. *Nicolson,* 235 N. Y. 209; *City of New York* v. *Matthews,* 213 N. Y. 563; *Merry Realty Co.* v. *Shamokin & Hollis R. E. Co.,* 230 N. Y. 316.)

*James R. Lyttle* for respondent. I. The cause of action comes within section 50-b of the General Municipal Law. II. Plaintiff should have judgment on the facts in the case. (*Kelly* v. *Adelmann,* 72 App. Div. 590; *Hollaran* v. *City of New York,* 168 App. Div. 469; *Setzkorn* v. *City of Buffalo,* 126 Misc. 585, 219

App. Div. 416; *Hackett* v. *Lenox Sand & Gravel Co.,* 187 App. Div. 211.) III. The Appellate Division had power to grant judgment. (Civ. Prac. Act, § 584, subd. 2; *Waddle* v. *Cabana,* 220 N. Y. 18; *Lamport* v. *Smedley,* 213 N. Y. 82; *Acme Realty Co.* v. *Schinasi,* 215 N. Y. 495; *Middleton* v. *Whitridge,* 213 N. Y. 499; *Leonard* v. *Frantz Co.,* 268 App. Div. 144; *Clark* v. *Standard Rock Asphalt Corporation,* 233 App. Div. 536.)

LOUGHRAN, J. In this negligence action against the City of New York damages are demanded for personal injuries caused to the plaintiff by a runaway police horse. The parties waived a jury and the making of formal findings and introduced their respective proofs under a stipulation which empowered the trial court to grant "such decision as may be warranted by the facts."

Section 50-b of the General Municipal Law was invoked by the plaintiff. The substance thereof is a declaration of municipal liability for negligence of employees "in the operation of a municipally owned vehicle or other facility of transportation". As the Trial Judge saw it, however, this word "facility" signifies "inanimate means rather than human agencies" and consequently the "operation" of a horse was to his mind a thing not contemplated by the Legislature. (182 Misc. 609, 611.) With the cited statute thus ruled out, the court was prevailed upon to dismiss the complaint on the single ground that recovery was barred by the City's common-law immunity from liability for wrongful performance of governmental duties.

On appeal by the plaintiff, the Appellate Division expressed the view that "a horse used, as this police horse concededly was, to facilitate transportation of a mounted policeman in the course of his duties, is 'a facility of transportation.'" (268 App. Div. 444, 447.) Hence the City's claim of governmental privilege was rejected on the strength of section 50-b of the General Municipal Law, and the dismissal of the complaint was accordingly declared to be erroneous. This reversal was on the law; because, as we have indicated, the decision of the trial court had left the issues of fact wholly undetermined. Nevertheless, the Appellate Division did not order a new trial, but in lieu thereof made its own first-hand findings of fact in favor of the plaintiff and thereupon awarded him damages of $12,500. The

controversy is now before us on this appeal by the defendant City.

We believe the words of section 50-b of the General Municipal Law will safely bear the construction which the Appellate Division has here put upon them. After all, the horse did transport the police officer. In the face of that cogent fact, the average man — so we think — would scarcely resist the idea that the animal was a "facility" (i.e., an aid) in the passage of its rider,— a conclusion which we have the more readily reached by the light of the wholesome statutory purpose to do justice to persons who are damaged by the wrongs of public servants functioning as such (cf. *Sheehan* v. *North Country Community Hosp.*, 273 N. Y. 163).

Even so, there was no compelling reason why this plaintiff should have taken his stand upon the above provision of the General Municipal Law. Section 8 of the Court of Claims Act says: "The state hereby waives its immunity from liability and action and hereby assumes liability and consents to have the same determined in accordance with the same rules of law as applied to actions in the supreme court against individuals or corporations". The gist of this waiver and consent of the State has been operative since 1929, and is limited only by the incidental procedure prescribed in article II of the same Act. None of the civil divisions of the State — its counties, cities, towns and villages — has any independent sovereignty (see N. Y. Const., art. IX, § 9; *City of Chicago* v. *Sturges*, 222 U. S. 313, 323; *Keifer & Keifer* v. *R. F. C.*, 306 U. S. 381. Cf. *Gaglio* v. *City of New York*, 143 F. 2d 904). The legal irresponsibility heretofore enjoyed by these governmental units was nothing more than an extension of the exemption from liability which the State possessed. (*Murtha* v. *N. Y. H. M. Col. & Flower Hospital*, 228 N. Y. 183, 185.) On the waiver by the State of its own sovereign dispensation, that extension naturally was at an end and thus we were brought all the way round to a point where the civil divisions of the State are answerable equally with individuals and private corporations for wrongs of officers and employees,— even if no separate statute sanctions that enlarged liability in a given instance. (*Holmes* v. *County of Erie*, 291 N. Y. 798.) Of course, the plaintiff in such a case must satisfy all applicable general statutory or charter requirements in the

way of presentation of claims, notice of injury, notice of intent to sue and the like.

The plea which was most often made for the immunity of the civil divisions of the State was an assertion that officers and employees thereof — when engaged in the discharge of so-called governmental functions — acted as delegates of the State and not in behalf of any municipal master (*Murtha* v. *N. Y. H. M. Col. & Flower Hospital,* 228 N. Y. 183, 185). On that former basis, it is possible to suggest that the State has now laid itself open to suit for wrongs of officers or employees of its civil divisions. But any viewpoint of that kind would be vain, since the argumentation that had been contrived as a front for the doctrine of governmental immunity did not survive the renouncement of that doctrine. (Cf. *Miller* v. *City of New York,* 292 N. Y. 571.)

As has already been observed, this case was validly tried by the court without a jury upon a stipulation for " such decision as may be warranted by the facts." All the propositions of fact that were in issue were fully litigated. Each party must be deemed to have moved for judgment in his favor. (Civ. Prac. Act, § 440.) In that state of the record, we see no reason to doubt the power of the Appellate Division to grant the final judgment which in its conception was dictated by the weight of the evidence (Civ. Prac. Act, § 584; *Lamport* v. *Smedley,* 213 N. Y. 82). The City points to the absence from the order of the Appellate Division of any statement as to " whether or not the findings of fact below have been affirmed ", as required by Civil Practice Act, section 602, subdivision 1. The reason for that omission is obvious: no findings of fact were made below in this instance. The power of the Appellate Division to render final judgment in a nonjury case like this was sanctioned by an amendment of the State Constitution adopted in 1925. (*York Mortgage Corp.* v. *Clotar Constr. Corp.,* 254 N. Y. 128.) The enactment of the present section 602 of the Civil Practice Act in 1942 certainly was not an attempt to neutralize that important jurisdiction. As we see it, then, section 602 has no application to the present case.

To be sure, the Appellate Division has often made findings of fact in substitution of contrary reversed findings of a court below. But the competence of the Appellate Division to direct

final judgment on a fresh fact basis extends beyond that precise situation. (*Bonnette* v. *Molloy,* 209 N. Y. 167, 172.) Indeed, this Court of Appeals has in numerous cases dealt with new findings of the Appellate Division which did not touch the subject matter of the initial findings that were reversed. On the analogy of that practice, the original findings here made by the Appellate Division were, we think, quite in order and so we have reviewed the facts thereby adjudged. (See N. Y. Const., art. VI, § 7; Civ. Prac. Act, § 605.) It is not important to give the particulars of the accident. In our estimation, the decision of the Appellate Division is clearly in conformity with the preponderance of the proof. (See 268 App. Div. 444, 448–450.)

The judgment should be affirmed, with costs.

LEHMAN, Ch. J., LEWIS, CONWAY, DESMOND and DYE, JJ., concur; THACHER, J., taking no part.

Judgment affirmed.