Per Curiam.

To earn a commission it was incumbent on plaintiff to show that it had been hired by defendant as a broker and had produced a purchaser able and willing to enter into a contract for the purchase of the property upon all essential terms satisfactory to the seller.
On this record plaintiff failed to prove that defendant employed plaintiff as a broker in the transaction. Nowikas, plaintiff’s witness, who, the evidence - shows, was the only broker employed by defendant, had no authority whatever to bind defendant to payment of broker’s commissions to plaintiff as cobroker. Nowikas at the trial denied that during the negotiations he had ever told defendant or defendant’s *35 attorney that he had plaintiff as a cobroker and further denied that Zimmerman, plaintiff’s representative, had in his presence told Schwartz, defendant’s representatives, that he was a cobroker; but on the contrary Nowikas testified that he introduced Zimmerman as representing a buyer’s syndicate.
And even if plaintiff had proved it had been employed as broker, it could not recover because it failed to establish that there was such meeting of the minds of the parties on all essential terms of the agreement to purchase as to warrant payment of commissions to plaintiff as broker. The applicable rule is stated in Sibbald v. Bethlehem Iron Co. (83 N. Y. 378, 382) as follows: “But in all the cases, under all and varying forms of expression, the fundamental and correct doctrine is, that the duty assumed by the broker is to bring the minds of the buyer and seller to an agreement for a sale, and the price and terms on which it is to be made, and until that is done his right to commissions does not accrue.” Here there was failure to agree concerning amortization of the mortgage, the date of closing, and the price, the prospective purchaser’s lawyer insisting upon a reduction of from $10,000 to $12,000 in the purchase price, based upon a claim that the seller had misrepresented taxes and rents. On the evidence, we find there was no misrepresentation or bad faith on defendant’s part as to the taxes or rents.
The case was tried before the court without a jury and this court should enter the judgment that the trial court should have entered (Civ. Prac. Act, § 584, subd. 2; Bernardine v. City of New York, 294 N. Y. 361, 366). Defendant’s motion to dismiss for failure of plaintiff to prove the employment as broker and to prove a meeting of the minds on all the essential terms should have been granted.
The judgment appealed from should be reversed, with costs and the complaint dismissed, with costs to defendant-appellant.
Peck, P. J., Dore, Cohn, Van Voorhis and Shientag, JJ., concur.
Judgment unanimously reversed, with costs and the complaint dismissed, with costs to the defendant-appellant. Settle order on notice.