■ PAUL R. MILTON, Appellant, v. ROSALIND BENDER, Also Known as ROSALIND ELKIND, Respondent.— Determination of Appellate Term, entered February 9, 1961, affirming the judgment of the Municipal Court of the City of New York, Borough of Manhattan, Ninth District, entered October 25, 1960, dismissing the complaint in a property damage action, reversed, on the law and on the facts, and judgment directed to be entered in favor of the plaintiff in the sum of $206.75, with costs to plaintiff-appellant. Defendant, under written lease dated August 3, 1959, occupied an apartment, the bedroom of which leads and is the only access to an open terrace which is for her exclusive use. Paragraph "14" of the lease is the standard provision by which the landlord may have access to the apartment to make repairs. Defendant permitted the drain to become clogged and the bedroom door to remain open during a heavy rain; water flowed into the bedroom, seeped through the floor by way of a riser and caused damage to the apartment directly below. We hold the proof clearly establishes defendant to have been negligent in permitting the terrace drain to become clogged and in failing to prevent rain from coming into the bedroom as a result of which damage was occasioned to the apartment below. Under the provisions of subdivision 2 of section 584 of the Civil Practice Act, we should, on the appeal from a judgment rendered by the court without a jury, unless we affirm, grant the judgment which the court below ought to have granted. (*Bernardine* v. *City of New York,* 294 N. Y. 361, 366; *York Mtge. Corp.* v. *Clotar Constr. Corp.,* 254 N. Y. 128; *Lamport* v. *Smedley,* 213 N. Y. 82; *Leonard* v. *Frantz Co.,* 268 App. Div. 144, 148; 9 Carmody-Wait, New York Practice, § 177, p. 603, and cases cited therein.) Concur — Valente, McNally and Steuer, JJ.; Rabin, J. P., and Eager, J., dissent in the following memorandum by Eager, J.: I dissent and vote to affirm. It is true that the plaintiff here established a prima facie case. The burden, however, was upon the plaintiff on the whole case to establish the negligence of the defendant; and clearly supported is the determination of the trier of the facts that, upon a consideration of all the evidence, the negligence of the defendant was not established. Under the circumstances, this court should not substitute its determination upon the facts for that of the trial court.