■ VIOLA ARTHUR, Respondent, v. NEW YORK CITY HOUSING AUTHORITY, Appellant.— Plaintiff claimed she was injured when she stumbled in a hole on a six-feet-wide walk adjacent to a garden which was separated from the walk by a concrete divider. In her bill of particulars, plaintiff claimed that defendant was negligent in permitting part of the walk to become broken, defective and in a dangerous condition by virture of a large hole thereon which constituted a toe trap and a nuisance. The evidence established there was no hole in the walk but only a broken portion of the concrete divider. Plaintiff failed to show actionable negligence on the part of defendant in maintaining the divider, which was not for use by pedestrians and which presented no danger to those using the walk. The condition of the divider was open and obvious, and a pedestrian would have an unobstructed six feet of path to walk on. Moreover, the divider served a necessary and convenient purpose in separating the garden from the walk and offered no obstruction to pedestrians except those who might choose to walk along its edge and practically against it. (See *Murray* v. *City of New York*, 276 App. Div. 765; *Summerville* v. *City of Yonkers*, 271 App. Div. 937, affd. *sub nom. Cauley* v. *City of Yonkers*, 297 N. Y. 702.) Upon all the evidence, we find as a matter of fact that plaintiff was guilty of negligence contributory to the happening of the occurrence. Consequently, in view of our findings of the absence of actionable negligence on the part of the defendant and that plaintiff was contributorily negligent, we should grant the motion for judgment which the court below ought to have granted. (Civ. Prac. Act, § 584, subd. 2; *Calabria* v. *City & Suburban Homes Co.*, 5 A D 2d 983, affd. 5 N Y 2d 918; *Bernardine* v. *City of New York*, 268 App. Div. 444, affd. 294 N. Y. 361.) Concur — Valente, McNally, Eager and Steuer, JJ.; Rabin, J. P., concurs in result solely on the ground that the facts establish contributory negligence.