Keating, J. (dissenting).
The majority opinion effectively demolishes every legalism and every policy argument which would deny recovery to a mother who sustains mental and physical injuries caused by fear or shock, upon learning that her child has been killed or injured in an accident. It has shown that every element necessary to build a case for tortious liability in negligence is here present. There is an important interest worthy of protection, there is proximate cause, there is injury, and there is foreseeability. Yet, having shown all this, inexplicably, recovery is denied. *620 The rationalization for the result reached here is the supposed terror of “ unlimited liability The characterization of this argument as a “ rationalization ” may appear harsh but, nevertheless, it seems fully justified. Not one piece of evidence is offered to prove that the 1 ‘ dollar-and-cents ’ ’ problem will have the dire effects claimed. More important, the manner in which the argument about infinite liability is explicitly rejected one day only to be revived the next is indicative of what may be described as a rather erratic method of decision. (Compare Bernardine v. City of New York, 294 N. Y. 361; Bing v. Thunig, 2 N Y 2d 656; Greenberg v. Lorenz, 9 N Y 2d 195; Goldberg v. Kollsman Instrument Corp., 12 N Y 2d 432; with Steitz v. City of Beacon, 295 N. Y. 51; Motyka v. City of Amsterdam, 15 N Y 2d 134; Riss v. City of New York, 22 N Y 2d 579.) One can easily recognize the ad hoc nature of the argument by comparing passages in our opinions where we have chosen to do what modern concepts of justice demands with those cases where we have hesitated to follow through on the basic currents in the law of torts for the past generation. (Compare, for example, Bing v. Thunig, supra, p. 664 [tort immunity of charities], with Steitz v. City of Beacon, supra, p. 55 [tort immunity of municipalities]. The statements in these opinions cannot be reconciled. Moreover, in refusing recovery, the majority ignores the rationale of our recent decision in Millington v. Southeastern Elevator Co. (22 N Y 2d 498) permitting the wife to sue for loss of consortium. Ever since MacPherson v. Buick Motor Co. (217 N. Y. 382) was decided more than a half century ago, there has been an expanding recognition that the argument concerning unlimited liability is of no merit, yet the aberrations persist. One would imagine that we were here involved with a catastrophic loss. There have already been decisions imposing liability of far greater dimension than can ever arise if we should embark upon a search for “ essential justice ” in the bystander class of cases.
I also agree with the majority that any limitation on bystander recovery is indeed arbitrary and, therefore, there should be none. Any limitations, if needed, should be developed on a case by case basis, using proximate cause and foreseeability as a means to avoid anomalous results. The only real requirement, however, which policy and justice dictate, is strin *621 gent evidence of causation and of actual injury to deter those who would use a sound and just rule as a cover for spurious claims.
I do not deem it necessary to dwell upon the lack of logic, policy or justice in the result reached by the majority opinion. As the majority notes, its position has found little, if any, support by legal scholars. California took little more than five years to overturn its prior rejection of any change in the law (Dillon v. Legg, 68 Cal. 2d 728 [1968], overruling Amaya v. Home Ice, Fuel & Supply Co., 59 Cal. 2d 295 [1963]). I can only hope that it will not take as long before New York corrects this error.
The order of the Appellate Division should be reversed.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan and Jasen concur with Judge Brbitel ; Judge Keating dissents and votes to reverse in a separate opinion.
Order affirmed.