MATTIE DE MAYO, Respondent, v. YATES REALTY CORP., Defendant, and MORE LITE ELECTRICAL SERVICE, INC., Appellant.

On March 2, 1965, the defendant Yates Realty Corp. was the owner of a multiple dwelling in the Borough of Queens, City of New York. Plaintiff was a tenant of one of the ground floor apartments. She claims that, while she was walking along the corridor leading from her apartment to the lobby of the building, which was two steps lower than the corridor, the lights in the corridor suddenly went off and that she lost her balance and fell while she was walking down the two steps. More Lite was completing a contract with the owner for the installation of new and higher voltage electrical currents in the building on the date the accident occurred.

The issue of liability was tried before the court without a jury. At the close of the proof, the court granted the motion of Yates Realty to dismiss and directed judgment against More Lite on the issue of liability. We find that the plaintiff failed to establish by a fair preponderance of the proof that the lights were turned off by an employee of More Lite. Speculation and surmise are not a substitute for proof and where evidence is capable of an interpretation equally consistent with the presence or absence of a wrongful act, that meaning must be ascribed which accords with its absence. (*Lahr* v. *Tirrill*, 274 N. Y. 112, 117; *Digelormo* v. *Weil*, 260 N. Y. 192, 199–200.) The record establishes that the accident happened under different circumstances than those claimed by the plaintiff at the trial. Plaintiff's daughter admitted on cross-examination that she gave the physician who treated her mother for her injury a history of the

accident; that she told him that the accident occurred while her mother was going to the incinerator. The daughter denied she ever made such statement to the treating physician, but admitted that she made such a statement to the first physician who was summoned to treat her mother when the family physician could not be reached. She further admitted she told a physician at the hospital that her mother "slipped over something" while she was taking some garbage to the incinerator and fell. She testified that she made this statement to "Just my doctor". Further, on her cross-examination, she was asked did she say [meaning her mother] that she slipped and fell down the steps. She answered that her mother said "No. I slipped and fell down the hall". The daughter at another time in her testimony stated she did not learn how the accident happened until three or four days after the occurrence.

There is no proof that More Lite or its employees shut off the lights in the corridor. The uncontradicted testimony is that the work on the corridor lights was completed before the occurrence and that the switch therefor is independent of the power switch for the apartments. The plaintiff, the only eyewitness to the accident, alleges in her bill of particulars that the accident occurred at 5:30 P.M. It is undisputed that no employees of More Lite had been working in the building at that time. At the trial, plaintiff testified that the accident occurred about 4:00 or 4:30 P.M. Moreover, under all the circumstances it would appear that the lighting at the alleged site of the occurrence was more than adequate for the plaintiff to see the steps. We find no factual basis for the inference drawn by the Trial Justice that the electricity was turned off in the afternoon of the date of the accident by employees of More Lite. This speculative conclusion is not supported by the record.

In this nonjury case, it is within the province of this court to grant the judgment which, upon the evidence should have been granted by the trial court. (*Bernardine* v. *City of New York*, 294 N. Y. 361, 366; *York Mtge. Corp.* v. *Clotar Constr. Corp.*, 254 N. Y. 128; *Calabria* v. *City & Suburban Homes Co.*, 5 A D 2d 983; affd. 5 N Y 2d 918; *Lamport* v. *Smedley*, 213 N. Y. 82; *McCarthy* v. *Port of N. Y. Auth.*, 30 A D 2d 111, 114; *Bruno* v. *Kosnac*, 13 A D 2d 650; *Greater N. Y. Mut. Ins. Co.* v. *Perry*, 6 A D 2d 432; *Margolies* v. *City of New York*, 3 A D 2d 734; *Gross* v. *Molmar Bus Transp. Co.*, 3 A D 2d 703; *Mouren* v. *Great Atlantic & Pacific Tea Co.*, 1 A D 2d 767; *Leonard* v. *Frantz Co.*, 268 App. Div. 144, 148; 9 Carmody-Wait, New York Practice, pp. 603–604, § 177; 11 Carmody-Wait 2d, New York Practice, § 72:158.) We are not required to give credence to testimony so inherently improbable that we are morally certain it is not true. (*McCarthy* v. *Port of N. Y. Auth.*, supra; *Bottalico* v. *City of New York*, 281 App. Div. 339, 341.)

There are cases such as those cited in the dissent in which the undoubted power of this court to render judgment which the trial court should have granted has not been exercised. The instant case is not within the principle of such cases. *Conklin* v. *State of New York* (22 A D 2d 481) states the rule applicable to condemnation matters. There the court at page 482 said:

"Although this court has the undoubted power to make new and appropriate findings and to render judgment thereon (*Victor Catering Co.* v. *Nasca*, 8 A D 2d 5; *Ruegg* v. *Fairfield Securities Corp.*, 308 N. Y. 313; *Bernardine* v. *City of New York*, 294 N. Y. 361; 9 Carmody-Wait, New York Practice § 473, pp. 183–184; § 171, pp. 597–599), we have not, in appropriation cases, ordinarily done so".

*Power* v. *Falk* (15 A D 2d 216) cited in *Conklin* involved an action seeking delivery of stock certificates and an accounting for rents of a building without proof of ultimate facts. Here, apart from shifting the time of the

alleged occurrence from when employees of More Lite were not on the premises to a time within their working hours, the plaintiff failed to produce evidence of any reason on the part of More Lite for turning off the corridor lights. The uncontradicted evidence is that the work on the corridor lights was completed long before the occurrence. There is no evidence connecting More Lite with the alleged occurrence, even if it be assumed its employees were on the premises. *Kundla* v. *Symans* (9 A D 2d 1021) also cited in *Conklin,* involved a confused and incomplete record. Here the record is clear, and there is no suggestion of any additional relevant evidence on the part of the plaintiff.

Concur — Eager, J. P., Markewich and McNally, JJ.; Capozzoli, J., dissents in part in the following memorandum:

I concur in the reversal, but I would remand for a new trial in the interests of justice. And McGivern, J., dissents in the following memorandum:

I would affirm. In my view the Trial Judge had no other choice. The defendant rested at the end of the plaintiff's case and declined to go forward. I find the plaintiff made out a prima facie case. Yet the defendant refused to make any effort to impair the inferences resting on the plaintiff's case. Since the defendant would not assume the burden of producing evidence in rebuttal, the Trial Judge properly found in favor of the plaintiff.

The Trial Judge clearly adopted the version of the plaintiff that the lights went out while she was descending the stairs. Under the circumstances, plaintiff was within the precedents and entitled to recover. I do not think we should take the extreme step of both reversing the judgment and dismissing the complaint on such a truncated record because we would differently interpret what there is of the record. The case is a most simplistic one of a common category, turning upon a determination of a factual question. The trier of the facts has resolved this question and set forth his reasons in an analytical opinion. There being nothing antithetical between his opinion and the record, that should be an end to the case. " Nor will we reexamine the assessment of the trier of fact as to the credibility of the witnesses who testified before him." (See *United States* v. *McGuire,* 381 F. 2d 306, 315.)

In any event, we have no warrant to dismiss the mother's complaint because of some superficial inconsistency in the daughter's testimony. A close perusal of the daughter's testimony adequately explains the inconsistency, if any. Further, she was not a party, and inconsistencies, if any, in her testimony affected only credibility and did not constitute any evidence in chief that would avail the defendant. (*Matter of Roge* v. *Valentine,* 280 N. Y. 268, 276.)

As for the defendant More Lite, the trier of the facts was justified in drawing the inference its employees were on the premises, from the testimony of its vice-president. Speaking without records, " only from my knowledge of how a job of this nature progresses ", he (Isenberg) said in response to " Q. * * * were they working on any of the electrical wiring on March 2, 1965? A. They could have, yes ". And the superintendent of the house affirmatively said work was in progress on the day in question and lights were extinguished part of the day. As for the absence of any records from the defendant More Lite, which were the subject of *subpoena duces tecum* by plaintiff, it is a fair inference these records were carelessly or inadvertently destroyed after the service of the plaintiff's complaint. And not one of the employees of defendant was produced to deny the plaintiff's testimony, nor that of her superintendent. And no explanation for this nonappearance was offered. In a jury trial, this would have been an additional reason for weighting the testimony against the defendant.

Lastly, it may be true we do have the power to make a new judgment contrary to that of the trier of the facts. I am unable, however, to locate any

precedent where we have done so in a "split trial", involving liability alone, wherein the defendant refused to go forward. Certainly, it is a power that should be sparingly used, and only when this court is in a position to make new findings to support the new judgment. Failure to do so leads to a new trial. (9 Carmody-Wait, p. 604, § 177. *Williams Eng. & Contr. Co.* v. *New York*, 222 N. Y. 1; *Caldwell* v. *Nicolson*, 235 N. Y. 209.) The reluctance of appellate courts to make new findings has been noted:

"Evaluations and determinations reached *de novo* at the appellate level, amounting, in effect, to complete redeterminations of basic issues, are usually best avoided. (Cf. *Power* v. *Falk*, 15 A D 2d 216, 218, *supra*; *Kundla* v. *Symans*, 9 A D 2d 1021.) It must be observed, however tritely, that the Trial Judge, having observed the witnesses, having viewed the premises and having gauged the proof as it was developed is better qualified to weigh the determinative facts." (*Conklin* v. *State of New York*, 22 A D 2d 481, 483, *supra*.)

This case is cited for the well-established principle observed; it is noteworthy that neither the *Power* v. *Falk* case (*supra*), nor the *Kundla* v. *Symans* case (*supra*) deal with condemnation. Appellate courts usually shrink back from making new findings when the main question is credibility, since such action would arrogate the function of the Trial Judge. "While we would have the power to make findings, this is not a proper case for the exercise of that power, as much would depend on the credibility of the witnesses and the visible indications of authoritative recollection." (15 A D 2d 216, 218.)

In my view, no new findings of sufficient specificity, supportable by the evidence, have been made by the majority, justifying the extreme step of dismissing the complaint. And such additional findings are essential for the steps taken by the majority.

"Where the Appellate Division reverses or modifies a judgment of the Trial Term and orders a judgment proceeding on a different theory of the facts, it must make such additional findings as are necessary to support the judgment which it has ordered". (*Andrew* v. *Cohen*, 221 N. Y. 148, 152.)

Since the testimony of the daughter must be stripped from the record as any support for the defendant, and since the majority has made no appropriate findings, their radical action, in my view, represents an abuse of discretion. Indeed, I fail to see how any findings, based on essential facts, can be made in favor of this defendant, who put in no testimony and produced no records.

Thus, I would not disturb the judgment of the Trial Judge, since " The evidence in the record was sufficient to establish the negligence of the defendant, and the verdict in favor of plaintiff was not contrary to the weight of the evidence. (*Harrison* v. *Senator-Ridge Corp.*, 265 App. Div. 956, affd. 290 N. Y. 770.) " (*Cohen* v. *Hall Brett Realty Corp.*, 268 App. Div. 995.) The record compels affirmance.