Charles B. Swartwood, J.
These are motions made by the defendant City of Elmira and defendant County of. Chemung to dismiss the complaint in this action pursuant to CPLR 3211 (subd. [a], par. 7) on the ground that it does not state a cause of action against these municipalities. The motions are each based on the alleged governmental immunity of these municipalities from liability for the acts alleged in the complaint.
The complaint alleges that the plaintiff was detained at the county jail at the direction of the city police on August 21, 1971; that he requested medication for a condition of epilepsy from which he suffered; that a physician unknown to the plaintiff in the employ of or at the direction of the defendant city and/or county examined the plaintiff and failed to prescribe proper medication for his condition, and that as a result of said negligence in his care and treatment he was seriously injured. In addition to the above, the plaintiff specifies as grounds of negligent care and treatment failure to give plaintiff proper medication or a proper examination, failure to ascertain the proper amount of medication required for Ms condition, ignoring his request for an adequate amount of medication and failure to take proper medical precautions to guard plaintiff to avoid the injuries sustained. It also alleges facts that meet the requirements of sections 50-e and 50-i of the General Municipal Law as to service of notice and time of commencement of the action.
For the purposes of these motions to dismiss the complaint for legal insufficiency the facts alleged must be considered as true and the complaint must be sustained if on any view of those facts or reasonable inferences to be drawn from them a cause of action is stated.
By enactment of section 8 of the Court of Claims Act the State of New York waived its sovereign immunity from suit and the civil divisions of the State, such as counties and cities, thereby lost their immunity which was derivative from the State. (Bernardine v. City of New York, 294 N. Y. 361, 365.) *512 However, the waiver was not complete. The State has not waived its immunity for governmental and administrative decisions based on" adequate deliberations and study. (Weiss v. Fote, 7 N Y 2d 579.)
Similarly, the State cannot be made liable for mere errors of judgment in deciding whether to release, parole, retain or treat elsewhere mental patients' in its institutions. (Dennison v. State of New York, 28 A D 2d 608, affd. 23 N Y 2d 996, cert. den. 397 U. S. 923; St. George v. State of New York, 283 App. Div. 245, affd. 308 N. Y. 681; Rosario v. State of New York, 33 A D 2d 122; Higgins v. State of New York, 24 A D 2d 147; and Taig v. State of New York, 19 A D 2d 182.) The reason for this rule is well stated by Judge Bekhan in the Taig ease (p. 183): “ The decision to release the patient from the hospital and place him on convalescent status was a medical judgment and the decision to. continue him on convalescent outpatient status after February, 1955 and to discharge him in June were also matters of professional medical judgment.- Although another physician might disagree as to the form and period of treatment to be followed, a liability would not arise; nor would it arise if the professional judgment to discharge him was in fact erroneous. (St. George v. State of New York, 283 App. Div. 245, affd. 308 N. Y. 681; Warner v. Packer, 139 App. Div. 207; Pike v. Honsinger, 155 N. Y. 201.)
“ The prediction of the future course of a mental illness is a professional judgment of high responsibility and in some instances it involves a measure of calculated risk. If a liability were imposed on the physician or the State each time the prediction of future. course of mental disease was wrong, few releases would ever be made and the hope of recovery and rehabilitation óf a vast number of patients would be impeded and frustrated. This is one of the medical and public risks which must be taken on balance, even though it may sometimes result in injury to the patient or others.”
The position of the defendants is that the allegations of the -complaint allege errors of judgment on the part of the doctor who treated the plaintiff in the amount, type and frequency of the treatment afforded. Assuming that to be true, though we do not agree, the defendants then cite Bellows v. State of New York (37 A D 2d 342, 344), where it was held: “ The frequency and amount of psychiatric treatment or care to be furnished to a prisoner is an administrative decision, and the type of treaty ment to be afforded him is a governmental function.” Clearly that case again is dealing with the clearly governmental func *513 tion of the State’s traditional obligation to carry out its sovereign duty in caring for the insane whether in connection with its penal system or mental institutions. This type of activity as the court points out (p. 344) is “ completely foreign to any activity which could be carried on by a private person ”. Even with regard to mental patients in State institutions, the State is required to afford the inmate competent medical treatment after careful examination. (Whitree v. State of New York, 56 Misc 2d 693, 708.)
The rule is that the State, and hence its civil divisions, can be responsible for malpractice in their hospitals. (Shapira v. United Med. Serv., 15 N Y 2d 200, 214.) They are bound to provide proper facilities and competent medical personnel for their prisoners (Dunham v. Village of Canisteo, 303 N. Y. 498; O’Grady v. City of Fulton, 4 A D 2d 743, affd. 4 N Y 2d 717), and are liable for the negligence of their physicians (Pisacano v. State of New York, 8 A D 2d 335; Becker v. City of New York, 2 N Y 2d 226). We are not concerned here with the State’s exercise of care and treatment of1 the mentally ill wherein high-level decisions are called for in an uncertain and risky field where the State is exercising a traditionally sovereign function, but with allegations of ordinary negligence and malpractice in treating a medically ill prisoner. The fact that negligence and malpractice are alleged to have taken place in a jail makes no difference. (Pisacano v. State of New York, supra.)
The defendants allege that the municipalities are not liable for “mere errors of professional judgment ” in treating the plaintiff. While it is true that neither the defendants, their doctor nor any doctor can be liable for such “mere errors ” (Pike v. Honsinger, 155 N. Y. 201), the complaint alleges failure to give proper medication, failure to make a proper examination, not determining the proper amount of medication and ignoring requests for adequate medication. These allegations must be considered as true and so considered would amount to negligence or malpractice under the rules of the Pike case. In addition, the complaint alleges by reasonable inference a failure to take proper medical precautions to guard the plaintiff, a known epileptic, from causing injuries to himself. There is a duty on the part of the State to use reasonable care to protect a person with suicidal tendencies against himself (Hirsh v. State of New York, 8 N Y 2d 125) and by logical extension there would be a duty on the part of the defendants to use reasonable care to protect this plaintiff, known to be an epileptic, from *514 injuring himself. Of course, the plaintiff must prove these allegations, but considered as true, they do state a cause of action against these defendants.
Having held that the complaint does state a cause of action against both defendants, it renders it unnecessary to consider whether the complaint also states a cause of action under section • 50-d of the General Municipal Law against the defendant County of Chemung. (Carner v. City of Buffalo, 33 A D 2d 1098.)
We have not considered the affidavit of Joseph E. Sartorio sworn to the 22nd day of May, 1973, and submitted by the defendant city two and one-half months after the motions were argued. No other affidavits were submitted and the plaintiff has had no opportunity to reply, so that we decline to consider these motions as ones for summary judgment under CPLR 3211 (subd. [c]) at this late date. We consider a motion for summary judgment under these circumstances premature in any event. (Milk v. Gottschalk, 29 A D 2d 698.) This, of course, does not preclude a motion for summary judgment after issue is joined.
The motions of the defendants City of Elmirá and County of
■ Chemung to dismiss the complaint are denied.
Plaintiff to submit orders.