**9** In the Matter of the Liquidation of UNION INDEMNITY INSURANCE COMPANY. 43 WEST 61ST STREET ASSOCIATES, Appellant; SUPERINTENDENT OF INSURANCE OF THE STATE OF NEW YORK, Respondent. [749 NYS2d 250] —Order, Supreme Court, New York County (Arthur Blyn, Referee), entered June 15, 2001, which, after hearing, disallowed the claim of 43 West 61st Street Associates (Associates) under performance and payment bonds issued by Union Indemnity Insurance Company for the benefit of claimant's construction manager HRH Construction Corp. on behalf of HRH's subcontractor LSR Electrical Construction Company, Inc., unanimously affirmed, without costs.

After LSR allegedly defaulted, claimant Associates in November 1985 entered into an Assumption Agreement with Luis Electrical Contracting Corp. (Luis) for the completion of the work. Thereafter, Associates filed a claim for payment of the bonds issued by Union Indemnity insuring LSR's performance of its subcontract. For the reasons that follow, Associates' claim was properly disallowed.

The obligation of a surety or guarantor of due performance of a contract cannot be extended, without the surety's consent, to cover performance of a different contract (*see Bier Pension Plan Trust v Schneierson*, 74 NY2d 312, 315; *Becker v Faber*, 280 NY 146, 151). Here, a review of the documentary and testimonial evidence before the Referee shows that invoices were addressed to Luis and that Luis paid invoices from as early as May 1985, that the same address for Luis and LSR were used on change orders, that there was no paper trail in the form of progress reports, minutes of job meetings or correspondence documenting LSR's alleged defaults prior to the November 1985 notice of default, and that Associates paid LSR after its alleged May 1985 default, including releasing its retainage. Based on this lack of substantiation and documentation as to LSR's default, we find (*see De Mayo v Yates Realty Corp.*, 35 AD2d 700, *affd* 28 NY2d 894) that LSR was not, in fact, in default and, that being the case, find that there was a material alteration of the subcontract whose performance was bonded by Union Indemnity because, with no default in place, neither the subcontract nor bond supported the substitution of Luis for LSR. These findings dictate the conclusion that the Assumption Agreement was a subsequent contract that operated to discharge the surety.

In view of the foregoing, we need not consider the other arguments raised. Concur—Williams, P.J., Nardelli, Tom and Lerner, JJ.