ANNA HUGHES, Appellant, *v.* THE STATE OF NEW YORK, Respondent. (Claim No. 24535.)

Third Department, October 27, 1937.

*Harry W. Williams,* for the appellant.

*John J. Bennett, Jr., Attorney-General [Leon M. Layden, Second Assistant Attorney-General,* of counsel; *James H. Glavin, Jr., Assistant Attorney-General,* with him on the brief], for the respondent.

HEFFERNAN, J. Claimant has appealed from an order of the Court of Claims dismissing her claim against the State of New York on the ground that the claim does not state a cause of action against the State. The appeal presents a novel question of law.

On June 7, 1936, a fire of unknown origin occurred in the city of Schenectady. It spread to a structure occupied by one Rudd as a warehouse. Claimant was the owner of certain personal property stored therein which was destroyed by the fire. Claimant asserts that the State is answerable in damages for her loss on the unique theory that it was the duty of the State, through its agent, the city of Schenectady, to furnish sufficient fire protection and that it negligently failed to do so. In the claim it is alleged that it was the duty of the State " to supply or furnish sufficient or adequate quantity of water, with adequate pressure to stay, suppress or extinguish the fire before it reached the warehouse containing claimant's property," and that the State, through its authorized agent, the city, " failed, omitted and neglected to supply or furnish sufficient and adequate supply of water, hose and pressure to transport the same and did not have sufficient men or apparatus to propel, control or extinguish the fire in question," by reason of which claimant was damaged.

The protection of all buildings in a municipality from destruction or injury by fire is for the benefit of all the inhabitants and for their relief from a common danger. The Legislature has authorized the municipalities of the State to provide fire apparatus and to

supply water for the extinguishment of fires. The grant of such a power must be regarded as exclusively for public purposes and as belonging to the municipal corporation, when assumed, in its public, political or legislative character. No duty is imposed upon the municipality; a mere discretionary authority is conferred upon it. A city does not, by acting under such a statute and providing itself with the necessary equipment enter into any contract or assume any implied liability to the owners of property to furnish ways and means for the extinguishment of fires upon which an action can be maintained. No legal duty rests upon a city to supply its inhabitants with protection against fire. (*Springfield Fire Ins. Co.* v. *Village of Keeseville*, 148 N. Y. 46; *Moch Co.* v. *Rensselaer Water Co.*, 247 id. 160.)

The extinguishment of fires is a function which a municipal corporation undertakes in its public, governmental capacity and in connection with which it incurs no civil liability, either for inadequacy in equipment or for the negligence of its employees. It is well settled that a municipal corporation is not responsible for the destruction of property within its limits by fire which it did not set, merely because although it had established a fire department, through the negligence or other default of the corporation or its employees the members of the fire department failed to extinguish the fire, whether this failure is due to an insufficient supply of water, the neglect or incompetence of the firemen or the defective condition of the fire apparatus. Exemption from liability is placed on the ground that the service is performed by the corporation not for its immediate benefit but as a means to the exercise of the sovereign power for the benefit of all citizens and consequently it is not liable for nonuser nor for misuser by the public agents. At common law the members of a fire department are not the agents and servants of the city for whose conduct it is liable, but act as officers charged with a public service, for whose negligence, in the discharge of official duty, no action lies against the city and the maxim of *respondeat superior* has no application. (*Maxmilian* v. *Mayor*, 62 N. Y. 160; *Smith* v. *City of Rochester*, 76 id. 506; *Gaetjens* v. *City of New York*, 132 App. Div. 394; *Eastman* v. *Meredith*, 36 N. H. 284; *Tainter* v. *Worcester*, 123 Mass. 311; 19 R. C. L. 1116, 1117; 43 C. J. 969, 970; 3 Dillon on Municipal Corporations [5th ed.], § 1340; 4 id. § 1660.)

That rule, however, has been modified and liability is now imposed upon cities, towns and villages for negligence of their appointees, including policemen and firemen, in the operation of a municipally owned vehicle upon the public streets and highways of the municipality in the discharge of a statutory duty imposed upon the

municipality. Every such appointee is deemed an employee of the municipality notwithstanding the vehicle was being operated in the discharge of a public duty for the benefit of all citizens of the community and the municipality derived no special benefit in its corporate capacity. (General Municipal Law, §§ 50-a, 50-b, 50-c.)

The State and its civil divisions when engaged as the delegates of the State in the discharge of governmental functions are not liable for the torts of their agents and contractors, unless such liability has been assumed or imposed by law. (*Herman* v. *Board of Education*, 234 N. Y. 196.) The State is not responsible for the negligence or malfeasance of its officers or agents, except when such liability is voluntarily assumed by the Legislature. The doctrine of *respondeat superior* does not prevail against the sovereign, in the necessary employment of public agents.

Counsel for claimant urges that the duty of furnishing adequate fire protection to its citizens is a State function. No authority is cited to support such a startling proposition nor has our own investigation disclosed any. Counsel also contends that by the enactment of section 12-a of the Court of Claims Act the State has waived its immunity and is, therefore, answerable for the negligence of its officers and employees in failing to provide fire protection for claimant. In our opinion there is no moral or legal obligation resting on the State to furnish such protection. In order to impose a liability on the State there must be an obligation on its part. The State may not assume liability where there is none. (*Ausable Chasm Co.* v. *State of New York*, 266 N. Y. 326.)

If the State is obligated to protect the inhabitants of its municipalities against loss by fire then by the same token it must give like protection to all its residents including those living in isolated sections within its boundaries. It is just as reasonable, just as logical, to argue that the State must guard its citizens against the ravages of disease or protect them against crime or other like calamity or respond in damages to those aggrieved for its failure to do so. We cannot sanction such a conclusion.

To support her contention claimant is relying on *Paige* v. *State of New York* (269 N. Y. 352). It is earnestly urged that some statements in the opinion of the court in that case establish a foundation for liability in the instant case. We do not believe that the doctrine announced in the *Paige* case has any application to the facts in the record before us.

The order appealed from should be affirmed.

HILL, P. J., RHODES, McNAMEE and BLISS, JJ., concur.

Order affirmed, without costs.