MARY JOY et al., Plaintiffs, *v.* CITY OF JAMESTOWN et al., Defendants.

Supreme Court, Special Term, Chautauqua County, May 16, 1955.

*Milton K. Sigworth, Corporation Counsel,* for City of Jamestown, defendant.

*Lombardo & Pickard* for plaintiffs.

VANDERMEULEN, J. This is a motion to dismiss an amended complaint on the ground that it appears on the face thereof that it does not state facts sufficient to constitute a cause of action against the City of Jamestown.

There are four acts of negligence alleged against the City of Jamestown. The only act to be discussed in this opinion is contained in this allegation: "That the traffic officer in charge, Hendriks P. Karlson, an employee of the City of Jamestown, directed the motor bus to go through the intersection and make a right hand turn in disregard of the rights of the plaintiff, who had a right of way at such intersection." It is questionable whether the other three acts of negligence come within the realm of plaintiffs' contention.

The defendant city argues that the complaint is deficient in failing to allege facts from which there can be inferred a duty on the part of the municipality to exercise care toward the plaintiffs. The leading case of *Palsgraf* v. *Long Island R. R. Co.* (248 N. Y. 339) established that such a duty of care is one of the essential elements of a cause of action for negligence. I am of the opinion that the complaint alleges sufficient facts to justify an inference that the police officer owed some duty to the plaintiff to direct traffic with care, and that he breached such duty by negligently directing the bus to proceed across the crosswalk where the plaintiff was walking.

The question remaining is whether or not the alleged negligent act of the police officer is chargeable to the defendant city.

Prior to 1929, the doctrine of sovereign immunity prevailed. In 1929, the Legislature enacted 12-a of the Court of Claims Act (now numbered 8) whereby the State waived its sovereign immunity from liability and consented to have its liability determined in accordance with the same rules of law as applied to actions in the Supreme Court against individuals or corporations.

It was well stated by the Fourth Department, Appellate Division in *Green* v. *State of New York* (251 App. Div. 108, 109), that 12-a of the Court of Claims Act "transformed an unenforcible moral obligation into an actionable legal right and applied to the State the rule of *respondeat superior.*"

For some time after the State had waived its sovereign immunity, the courts continued to treat municipal subdivisions

of the State as immune, as was evidenced in the case of *Ferrier* v. *City of White Plains* (262 App. Div. 94). Gradually the courts changed their respective opinions and it was definitely established in *Bernardine* v. *City of New York* (294 N. Y. 361), that a municipality was liable for the tort of its employees. It was said in that case at page 365: " we were brought all the way round to a point where the civil divisions of the State are answerable equally with individuals and private corporations \* \* \* even if no separate statute sanctions that enlarged liability in a given instance." (See, also, *Holmes* v. *County of Erie*, 291 N. Y. 798.)

While the rule of municipal tort liability has been somewhat qualified since the decision in the *Bernardine* case, nevertheless, in the case of *Murrain* v. *Wilson Line* (270 App. Div. 372, affd. 296 N. Y. 845), the court said at page 377: " Of course, if in the line of service an individual policeman had committed some act of negligence whereby a citizen was injured, the city would be liable for that individual act."

In the instant case, if the city had failed to maintain a traffic officer at the intersection, that would be merely an omission to perform its public duty for which it would not be liable but here, the city not only undertook to direct traffic but its agent, the police officer, went so far, it is alleged, as to order, divert and authorize the bus to proceed across the crosswalk where the plaintiff was walking. Such conduct impresses me as an affirmative act rather than a negative act.

Submit order.