Carroll M. Roberts, J.
This is an action in which the plaintiff seeks to recover damages for personal injuries sustained when shot by one Vincenzo D ’Agnesi, an alleged insane person. The complaint alleges that said D’Agnesi, a former inmate of Willard State Hospital, became violent a few days prior to *819 December 18, 1954 and threatened various individuals with a deadly firearm; that on December 18, 1954 he again became violent and the Police Department of the City of Auburn were requested to take him into custody; that a police officer was furnished to return said D’Agnesi to Willard State Hospital, but that he did not so return him but thereafter released him to the confines of his own home where he obtained a firearm and thereafter shot the plaintiff. It is further alleged that the defendants and their agents, servants and employees had knowledge of the violent propensities of said D ’Agnesi. The plaintiff, it is alleged, was a detective employed by the Police Department of the City of Auburn but was off duty on the day in question. No facts are set forth in the complaint indicating how the plaintiff came to be in the vicinity of the D ’Agnesi residence; hence, it will be assumed that, as he was off duty at the time, his presence was merely in his capacity as a private citizen.
This is a motion by defendants to dismiss the complaint upon the ground that it does not state facts sufficient to constitute a cause of action. The basis of the motion is that the defendants are not liable to the general public for failure to provide police protection which is the exercise of a governmental function.
The waiver of sovereign immunity provided by section 8 of the Court of Claims Act, subjects the State and its subdivisions to the same liability as individuals or corporations for the same acts. (Steitz v. City of Beacon, 295 N. Y. 51.) The furnishing of police protection to the public in general is a governmental function and the failure to furnish such protection does not impose liability on a municipality. The waiver of immunity provided by section 8 of the Court of Claims Act does not operate to create such liability. (Murrain v. Wilson Line, 270 App. Div. 372, affd. 296 N. Y. 845, motion for reargument denied 296 N. Y. 995; Landby v. New York, N. H. & H. R. R. Co., 278 App. Div. 965, motion for leave to appeal denied 278 App. Div. 1026, motion for leave to appeal denied 303 N. Y. 1014; Schuster v. City of New York, 286 App. Div. 389.)
We construe the complaint as alleging negligence other than the mere failure on the part of the defendants to protect the public from the acts of an insane person. It alleges negligence on the part of a police officer in the employ of the defendants in attempting to afford such protection. Subdivision 5 of section 81 of the Mental Hygiene Law provides in part as follows: “ Any person, apparently mentally ill, and conducting himself in a manner which in a sane person would be disorderly, may be arrested by any peace officer and confined in some safe and comfortable place until the question of his sanity be deter *820 mined, as prescribed by this chapter.” According to the allegations of the complaint, the police officer apparently after taking D ’Agnesi into custody, failed to confine him in a safe place until his sanity was determined, but permitted him instead to re-enter his own home where he obtained possession of the firearm. Such allegations assert a claim of negligence based upon the conduct of the individual policeman. The acts of the police officer in releasing the man with known violent tendencies is somewhat analogous to the acts of the officials and employees of State hospitals in permitting the escape of insane persons with such known tendencies. In such cases the State has been held liable for injuries inflicted by the escaped patient where such escape was due to negligence of its employees. (Weihs v. State of New York, 267 App. Div. 233; Jones v. State of New York, 267 App. Div. 254.) In such cases, “ The risks to be perceived with the mentally ill who are irresponsible defines the State’s duty to protect others from them.” (Williams v. State of New York, 308 N. Y. 548, 555.)
The law is clear that a municipality is answerable in negligence for the acts of its agents and employees in negligently exercising a governmental function. (Murrain v. Wilson Line, supra; Bernardine v. City of New York, 294 N. Y. 361; Holmes v. County of Erie, 266 App. Div. 220, affd. 291 N. Y. 798.) Even if there was no liability on the part of the defendants to furnish police protection to the public, when said defendants undertook to act and took D’Agnesi into custody, they assumed the duty of acting carefully. (Ritter v. State of New York, 204 Misc. 300, 307, revd. on another ground, 283 App. Div. 833.) Thus, the failure on the part of a city to maintain a traffic officer at an intersection would not impose liability upon it; nevertheless, where such a traffic officer is furnished and he acts negligently, liability arises. (Joy v. City of Jamestown, 207 Misc. 873.)
We hold merely that the complaint sufficiently states a cause of action. Whether or not such cause of action can be established must be determined at the trial.
Motion denied, with $10 costs.