MARIA RIVERA, as Administratrix of the Estates of JUAN RIVERA and Others, Deceased, Appellant, *v.* CITY OF AMSTERDAM et al., Respondents.

Third Department, May 23, 1958.

*Joseph Jacobs* for appellant.

*Harold E. Kennedy* for City of Amsterdam, respondent.

*Donald A. Campbell* for Adam Kuchis, respondent.

BERGAN, J. In a fire on February 1, 1955 which swept through a multiple residence in which they lived in Amsterdam, the plaintiff's intestates and others lost their lives. The action is against the city and the owner of the building and has been dismissed at the end of plaintiff's proof.

The theory of action against the city is that the fire of February 1, 1955 was caused by a defective oil heater; that the city had knowledge six weeks earlier that the oil heater was defective and failed to follow up its knowledge to require correction of the defect or prevent the use of the heater; and that this failure actively to see to it that the defect was corrected incurred a liability under section 303 of the Multiple Residence Law.

This section in substance requires that the provisions of the Multiple Residence Law shall be enforced by the appropriate city officer or department; and appellant argues that since the defective heater was a thing "dangerous or detrimental to human life" within section 305 it should have been "abated" or "enjoined in the manner prescribed by the Public Health Law"; and not having done this, the city became liable for the damages sustained in the fire.

No liability is cast upon public authority by the Multiple Residence Law for private damage resulting from failure to enforce its directory provisions. The language of the statute, indeed, seems to suggest that the usual means of enforcement to be expected would be by resort by the city officers to judicial process.

The failure to comply with an order to remove a violation is made a misdemeanor of which "Courts of special sessions shall have exclusive jurisdiction" (§ 304, subd. 1); and the abatement or injunction against nuisances provided in section 305 envisages resort to judicial process.

Proceedings by public authority in a court to enforce statute law is in the nature of a governmental function, the failure of which is not actionable on behalf of a private person suffering damage.

In this respect the duty of the city to act to enforce provisions of the Multiple Residence Law is quite similar to the duty to provide adequate police protection, the failure of which was held not to be actionable in *Murrain* v. *Wilson Line* (270 App. Div. 372, affd. 296 N. Y. 845); or the failure of a village to provide safeguards at the place of a dangerous condition in high tension wires (*Landy* v. *New York, New Haven & Hartford R. R. Co.*, 278 App. Div. 965); or the failure to provide adequate fire department protection or water pressure in pipes to deal with a fire considered in *Steitz* v. *City of Beacon* (295 N. Y. 51).

Therefore, even had the proof established that the fire of February 1, 1955 was due to a defective stove of which the city had knowledge and ought to have taken steps to have corrected or eliminated, no actionable cause would lie.

But the proof does not establish such a causation. The proof is that a fire occurred on December 13, 1954 in one of the flats in one of the dwellings and the fire department having cut a hole in the building wall and put the fire out, a captain told the occupant not to use the heater until it was repaired.

There is some proof that the heater was repaired; but in any case there is no proof that a defect in the heater caused the disastrous fire of February 1, 1955; the only proof in that direction is that the room in which the heater was located was

among the rooms burned and was at a point early in the conflagration seen to contain a mass of flames. This would be an insufficient factual showing to sustain liability in any event against the city; or against the defendant owner. The order of dismissal was properly made at Trial Term.

The judgment and order should be affirmed, without costs.

FOSTER, P. J., GIBSON and REYNOLDS, JJ., concur; COON, J., not voting.

Order and judgment affirmed, without costs.