AGNES MATLOCK, Appellant, v. NEW HYDE PARK FIRE DISTRICT, Defendant, and GARDEN CITY PARK WATER DISTRICT et al., Respondents.— In an action by plaintiff, who owned and maintained a house in New Hyde Park, Nassau County, which caught fire, to recover damages from the defendants Garden City Park Water District and the Garden City Park Fire District, by reason of their wrongful conduct in preventing the defendant New Hyde Park Fire District from promptly extinguishing the fire, plaintiff appeals from an order of the Supreme Court, Nassau County, dated March 10, 1960, granting the motion of the defendants, Garden City Park Water and Fire Districts, to dismiss the complaint for failure to state a cause of action, pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice. Order reversed, without costs, and motion of the defendants, Garden City Park Water and Fire Districts, denied. On February 22, 1958, the plaintiff's residence in New Hyde Park caught fire. The personnel of the New Hyde Park Fire District responded to the fire alarm and commenced to dispose their equipment to fight the fire. Before the firemen of this fire district actually began extinguishing the fire, however, the firemen of the Garden City Park Water and Fire Districts arrived and engaged them in a dispute as to which district had jurisdiction over the fire. During the dispute plaintiff's residence continued to burn while part or all

of the personnel of all three districts debated the issue of jurisdiction. Plaintiff initially sued all three districts but on a prior motion by the New Hyde Park Fire District the court had dismissed the complaint as to it for failure to state a cause of action. The opinion of the court rendered December 18, 1959 on that motion (which is presently not before us, no appeal having been taken) correctly characterizes the action against the New Hyde Park Fire District as one to recover damages for failure to extinguish the fire. The order now before us for review refers to the opinion of December 18, 1959, in which the court had relied on the authority of *Hughes* v. *State of New York* (252 App. Div. 263). In *Hughes,* it was held that a municipal corporation is not responsible for the destruction by fire of property within its limits by reason of negligent failure to extinguish the fire. The complaint in this case, however, may fairly be construed to allege, not only that the Garden City Park Water and Fire Districts failed to extinguish the fire, but that they wrongfully prevented its prompt extinguishment by the New Hyde Park Fire District personnel. A pleading challenged for legal insufficiency must be construed broadly and liberally and every intendment and fair inference is in favor of the pleading (Civ. Prac. Act, § 275; *Wainwright & Page* v. *Burr & McAuley,* 272 N. Y. 130; *Dyer* v. *Broadway Cent. Bank,* 252 N. Y. 430). Municipal corporations are liable at least for negligent acts of commission in the exercise of governmental functions (*Bernardine* v. *City of New York,* 294 N. Y. 361; see, also, *Murrain* v. *Wilson Line,* 270 App. Div. 372, affd. 296 N. Y. 845). A municipal corporation may even be liable for negligent omissions where its previous conduct gives rise to such a condition or state of affairs that its omission constitutes an injury rather than the mere withholding of a benefit (see *Schuster* v. *City of New York,* 5 N Y 2d 75; *Moch Co.* v. *Rensselaer Water Co.,* 247 N. Y. 160). We need not here invoke this latter principle, however, for an affirmative injurious act by the Garden City Park Water and Fire Districts is alleged. Beldock, P. J., Ughetta, Hill and Rabin, JJ., concur; Hopkins, J., concurs in result, with the following memorandum: The respondents, Garden City Park Water and Fire Districts, were empowered to respond to the call for assistance, whether or not they were the only districts having "jurisdiction" (General Municipal Law, § 209; cf. General Municipal Law, § 209-m). Once having responded, they were duty bound to act carefully (*Glanzer* v. *Shepard,* 233 N. Y. 236, 239; *Marks* v. *Nambil Realty Co.,* 245 N. Y. 256, 258). I see no distinction between this situation and cases holding the municipality liable for the negligence of police officers (*Collins* v. *City of New York,* 7 N Y 2d 822; *Mentillo* v. *City of Auburn,* 2 Misc 2d 818; *Joy* v. *City of Jamestown,* 207 Misc. 873, affd. 286 App. Div. 991), in which the police officer undertook to act toward another, and in which it was held that he then was obliged to act carefully.