■ BERNARD SCHMERZ, Respondent, v. PHIL SALON, Doing Business as PHIL SALON'S BUNGALOWS, Appellant.— In a negligence action to recover damages for personal injuries suffered in a fall on a baseball field: (1) defendant appeals from a judgment of the Supreme Court, Kings County, entered November 23, 1965, upon a jury verdict in plaintiff's favor for $17,000, and reduced to $12,000 by order of the court upon plaintiff's stipulation; and (2) plaintiff cross-appeals from so much of the judgment and of said order, entered November 8, 1965, as granted defendant's motion to set aside the verdict unless plaintiff should so stipulate. Order, insofar as appealed from, reversed, without costs and motion denied. Judgment modified on the law and the facts so as to provide that judgment be entered in the amount of $17,000, together with appropriate costs and interest. As so modified, judgment insofar as appealed from, affirmed, with costs to plaintiff and action remitted to the court below for the entry of an amended judgment in accordance herewith. We are of the opinion that the defendant breached his obligation to keep the premises in a reasonably safe condition for its anticipated use, by knowingly maintaining holes on the basepaths which players necessarily had to use, and which holes were hidden from view by surrounding grass. This condition was not known to the plaintiff (cf. *Luftig* v. *Steinhorn,* 21 A D 2d 760, affd. 16 N Y 2d 568). We are of the further opinion that the verdict of the jury was not excessive considering the permanency of the injury and its effect upon the plaintiff. Brennan, Hill and Hopkins, JJ., concur; Beldock, P. J., and Ughetta, J., dissent and vote to reverse the judgment and dismiss the complaint, with the following memorandum: Plaintiff rented a bungalow from the defendant for the Summer of 1961. A ballfield was situated between the bungalows for use by the defendant's guests. Except for dirt patches by

the pitcher's mound and home base, grass covered the entire field, including the basepaths which were identifiable only because the grass was trampled down or rolled down. While playing on the field for the first time, plaintiff's foot went into a hole in the basepath between third and home base, sustaining the injuries which are the subject of this suit. He was looking straight ahead while running and did not observe any holes. In our opinion, plaintiff failed to use reasonable care for his own safety on this obviously rough-hewn ballfield and assumed the risks inherent in playing upon it (*Luftig* v. *Steinhorn,* 21 A D 2d 760, affd. 16 N Y 2d 568; cf. *Kimbar* v. *Estis,* 1 N Y 2d 399, 404–405).