■ MARK SOLOW, an Infant, by His Father and Natural Guardian SAUL SOLOW, et al., Respondents, v. LEVITTOWN ARENA, INC., Appellant.— Judgment of the Supreme Court, Nassau County, dated June 30, 1966, in favor of plaintiffs after a nonjury trial, reversed, on the law and the facts, and complaint dismissed, without costs. In our opinion, plaintiffs failed to make out a prima facie case of negligence on the part of defendant. There is no evidence whatsoever as to what caused the truck of the skate to separate from the shoe. Moreover, proof of the surrounding circumstances — defendant's daily inspection program, the sudden nature of the detachment and the absence of any difficulty in skating prior thereto — indicates that nonnegligent causation (an undiscoverable latent defect) is at least, if not more, probable than negligent causation (an improperly fastened lock nut). Therefore, we must apply the well-settled rule that defendant must be exonerated if an inference of nonnegligence is as probable as an inference of negligence (*Breen* v. *Areiter,* 13 A D 2d 833, 834). Christ, Acting P. J., Rabin, Hopkins and Munder, JJ., concur; Benjamin, J., dissents and votes to affirm the judgment, with the following memorandum: On February 23, 1962, the infant plaintiff, who was then 14 years of age, went to defendant's roller skating rink along with some friends. After paying the admission fee, he rented a pair of roller skates. These were shoes with skates attached. Each skate had front and rear hangers and trucks which locked in place by a lock nut and bolt. The skates were claimed by defendant to have been checked daily and again before they were rented. The infant plaintiff was injured when, after skating for some 15 or 20 minutes, the entire front truck of the skate detached, causing

him to fall forward. I believe that plaintiffs made out a prima facie case. They were entitled to the benefit of every favorable inference which could reasonably be drawn from the facts (*Sagorsky* v. *Malyon*, 307 N. Y. 584, 586) and were not required to offer evidence which would positively exclude every other possible cause of the accident (*Rosenberg* v. *Schwartz*, 260 N. Y. 162, 166). The Trial Term permissibly found that the accident was caused by the negligence of defendant's employees in their failure to use due care with regard to the checking of the skates, as the truck must have been improperly and insecurely attached to the shoe when the skate was issued (cf. *Swensson* v. *New York, Albany Desp. Co.*, 309 N. Y. 497; *Markel* v. *Spencer*, 5 A D 2d 400).