Robert A. Harlem, J.
This is an action in which the plaintiffs seek monetary redress for damages claimed to have been suffered as the result of a rock concert conducted in the Town of Dix, County of Schuyler from July 25 through 30, 1973. The complaint alleges that the event constituted a public nuisance, setting forth various intrusions upon the personal and property rights of the plaintiffs as well as denying to them access to their property, easement of light and air and exposing them to inordinate conduct on the part of those attending the festival, such conduct producing an offensive stench and smell. Trespasses are alleged, crop damage is claimed, and the plaintiffs assert that they were exposed to incidents of public lewdness and the other incidents of social relationships which have not been uncommon on the occasions of affairs such as rock concerts. The gist of the action is an assertion that the defendants participated in the creation and maintenance of the nuisance by their failure to provide for the health, etc. of the plaintiffs upon learning of the proposed affair and failure to employ police powers to regulate the activities of those attending the concert, failure to deploy police, fire and public health personnel in reasonable numbers to adequately provide for the health, etc. of the plaintiffs and failure to properly regulate an inherently dangerous activity in an area for which they bore governmental responsibility. A second cause of action is set forth indicating that the activities of the persons attending the festival constitute a private nuisance. There is a third cause of action *77 alleging that the defendants failed to abate a public and/or private nuisance. A fourth cause of action alleges that the defendants were negligent, the elements of negligence being essentially the same as those offered in support of the existence of a public nuisance.
The defendants, County of Schuyler and Town of Dix, have made a motion to dismiss the complaint upon the ground that it fails to allege a cause of action.
A county or town is created for the purpose of State government and each exercises certain political powers as one of the State’s civil divisions. These units of government have often been characterized as administrative divisions of State government (County of Nassau v Lincer, 165 Misc 909, 254 App Div 746, 280 NY 662).
The principle of immunity of the State from suits for negligence or other malfeasance was but a rudimentary survival of the maxim "the king can do no wrong” and was based on the theory thát the sovereign could not be sued without its consent, and that a designated agency of the sovereign was likewise immune (Brown v Board of Trustees, 303 NY 484).
As was observed in Motyka v City of Amsterdam (15 NY2d 134, 138-139), an action such as this would have been dismissed on the ground of governmental immunity, a defense which was waived in 1929 by the enactment of section 12-a (now § 8) of the Court of Claims Act (Bernardine v City of New York, 294 NY 361). The bar of governmental immunity no longer stood against the enforcement of civil liability arising from breach of a duty that existed before, but which could not be enforced until the immunity was waived (Schuster v City of New York, 5 NY2d 75), and counties and towns and other political subdivisions of the State became answerable equally with individuals and private corporations for wrongs of officers and employees. In order, however, to sustain an action against a municipality, it is essential to ascertain whether the proposed defendant is under a duty to a particular plaintiff irrespective of sovereign immunity.
The law appears to be well established that the failure of a municipality to provide police or fire protection does not constitute an actionable wrong for which redress can be had by a member of our citizenry who may be offended (Rivera v City of Amsterdam, 5 AD2d 637; Murrain v Wilson Line, 270 App Div 372, affd 296 NY 845; Steitz v City of Beacon, 295 NY 51).
*78 In the Murrain case (p 375) it is said that the law is established that a municipality is answerable for the negligence of its agents in exercising a proprietary function, and at least for their negligence of commission in exercising a governmental function, but a municipality is not liable for its failure to exercise a governmental function, such as to provide police or fire protection.
At common law no liability attached for either nonuse or misuse of power which was essentially governmental or for the acts or omissions on the part of officers and agents of municipalities through whom such functions were performed (Whittaker v Village of Franklinville, 265 NY 11). The failure of a municipal corporation to take affirmative action in a purely governmental matter imposes upon it no liability, since the failure to act constitutes a mere dereliction in the performance of a governmental function (Spiegler v School Dist. of City of New Rochelle, 39 Misc 2d 720).
The complaint in this action alleges passivity on the part of the defendants in failing to plan for or provide any type of regulation or protection by the use of police and fire personnel or the creation of public health standards and the application of personnel to see that such standards were observed. As will be gleaned from the cases which have been cited, all of these activities are governmental, and the failure of a municipality to take action within these areas would not be actionable. The complaint itself alleges a failure to reasonably provide for the health, etc. of the plaintiffs, this language being purely passive. In paragraph 10 of the complaint it is asserted that the defendants bore a governmental responsibility, thus conceding that the sphere of activities of the defendants was within governmental realm.
The plaintiff has cited the Schuster case (5 NY2d 75, supra) as authority for the claim of some erosion of the strongly established circumscription of governmental responsibility. In the cited case the court made it clear that its decision was limited exclusively to the factual situation presented as a result of the unfortunate death of Arnold L. Schuster when it stated (p 81) as follows: "To uphold such a liability does not mean that municipalities are called upon to answer in damages for every loss caused by outlaws or by fire. Such a duty to Schuster bespeaks no obligation enforcible in the courts to exercise the police powers of government for the protection of *79 every member of the general public.” The plaintiffs attempt to claim that a special duty was owed to them by these defendants in view of the claimed knowledge of the defendants of the advent of the festival. Although there may have been advance knowledge on the part of the defendants of the occurrence of the affair, this would not create the special relationship between these parties which would make the conduct of the defendants actionable. The only exceptions to the well established rules of liability of municipalities are spelled out and defined in the Schuster decision. The limits of liability in these circumstances are further defined in Motyka (15 NY2d 134, 139, supra) where it is stated as follows: "In the case of municipalities, as of other defendants, tort liability has been held to exist where there has been some relationship on the part of the defendant to the plaintiff creating a duty to use care for the benefit of particular persons or classes of persons (e.g., Schuster v City of New York, supra, and cases therein cited) but we have never gone so far as to hold that a general liability exists to the public for civil damage in the event of failure to supply adequate police or fire protection.”
The plaintiff also cites Town of Preble v Song Mountain (62 Misc 2d 353) and County of Sullivan v Filippo (64 Misc 2d 533) in support of the theory that these defendants were under a duty to the plaintiffs to seek an injunction or to obtain some sort of judicial limitation concerning the activities of those who did attend the festival. It is further contended that the failure to avail themselves of these remedies constitutes an actionable wrong. Although a municipality may be authorized to suppress a nuisance which exists, it is not liable to a person who sustains injury by reason thereof or because of the fact that such municipality failed to pass an ordinance prohibiting the same or failed to enforce such ordinance if passed, notwithstanding the fact that the continuance of the nuisance endangered public safety (Stubley v Allison Realty Co., 124 App Div 162; Leonard v City of Hornellsville, 41 App Div 106).
The complaint in this action fails to allege the existence of a duty owed by the defendants to the plaintiffs which was breached so as to constitute an actionable wrong. Such a failure is fatal to the complaint. The action should therefore be dismissed in that no cause of action is alleged.