■ ASIAN CONSERVATION LABORATORY, INC., Appellant, v CITY OF SARATOGA SPRINGS et al., Respondents. (Action No. 1.) J. DIXON EDWARDS, Appellant, v CITY OF SARATOGA SPRINGS et al., Respondents. (Action No. 2.) WILLIAM KARPOWICZ, JR., Appellant, v CITY OF SARATOGA SPRINGS et al., Respondents. (Action No. 3.) PHILIP RANDALL et al., Appellants, v CITY OF SARATOGA SPRINGS et al., Respondents. (Action No. 4.)—Appeal in each action from an order of the Supreme Court, Saratoga County, entered October 28, 1974, which dismissed the first cause of action for failure to state a cause of action. It is well settled that a municipal corporation or its agencies are under no duty to provide fire protection *(Steitz v City of Beacon,* 295 NY 51; *Moch Co., v Rensselaer Water Co.,* 247 NY 160; *Hughes v State of New York,* 252 App Div 263) and, absent some affirmative act of negligence or other assumption of duty, cannot be held legally responsible for the destruction of property for failure to extinguish a fire. Plaintiffs' complaints in their first cause of action assert no such affirmative act or assumption of duty, no matter how liberally their allegations are construed. *Matlock v New Hyde Park Fire Dist.* (16 AD2d 831) relied on by the plaintiffs is not factually apposite to the instant case. Orders affirmed, with costs. Greenblott, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.

■ GAIL RHODES, Respondent, v HARRY L. TOWERS et al., Doing Business as NORM'S HIDEAWAY, Defendants and Third-Party Plaintiffs-Appellants. WAYNE H. CLEVELAND, Third-Party Defendant-Appellant. (Action No. 1.) GAIL RHODES, Respondent, v WAYNE H. CLEVELAND, Appellant. (Action No. 2.)—Appeals from so much of an order of the Supreme Court at Special Term, entered December 11, 1974, in Warren County, which denied motions for summary judgment dismissing the complaint. While plaintiff testified in her examination before trial that the floor was nice for dancing, that she did not know what caused her to fall, and that she noticed no foreign substance on the floor, Special Term points to testimony in an examination before trial of defendant, Norma Jean Towers, that defendant, Wayne Cleveland, "dumped" corn meal on the dance floor some time prior to plaintiff's fall. Thus, the court properly concluded that an issue of fact was raised as to whether the floor was excessively slippery so as to create a dangerous condition, and also an issue of fact as to the defendants' responsibility therefor. *(Baisley v Rose,* 35 AD2d 841; *Gough v Wadhams Mills Grange No. 1015,* 279 App Div 825). Order affirmed, without costs. Greenblott, J. P., Sweeney, Koreman, Larkin and Reynolds, JJ., concur.