■ MAX VOGEL et al., Appellants, v LIBERTY FUEL CORP. et al., Respondents.—Appeal from an order of the Supreme Court at Special Term, entered August 20, 1975 in Sullivan County, which granted a motion to dismiss the complaint as against the defendant, Village of Liberty. The plaintiffs' complaint alleges as to the defendant, Village of Liberty, that on

January 24, 1974, a building and its contents owned by them were destroyed by fire. In paragraph 26 of the complaint it is alleged that "after the fire had been controlled", the village "without attempting to preserve the property of the plaintiffs, willfully and wrongfully *permitted* the destruction, demolition and eradication of the plaintiffs' property". (Emphasis supplied.) In paragraph 39 of the complaint it is alleged that in fighting the fire, the village "acted improvidently by negligently failing to direct the disengagement, disassembly and termination of all electric power". Upon appeal the plaintiffs contend that those two allegations of the complaint are sufficient to state a cause of action against the village. Special Term in a brief decision held: "There is no liability on the part of a municipality to individuals as a result of negligence or statute in failing to furnish adequate fire protection *(Messinero v. City of Amsterdam,* 17 N Y 2d 523; *Motyka v. City of Amsterdam,* 15 N Y 2d 726; see *Bass v. City of New York,* 38 A D 2d 407, 413, affd. 32 N Y 2d 894). The allegation in the complaint that the firemen willfully permitted the destruction of plaintiffs' premises does not change the essential nature of the cause of action." The allegations of the complaint herein, given a most favorable view to the plaintiffs, do not establish any independent basis for liability separate from the fire protection provided to the village as a whole (cf. *Matlock v New Hyde Park Fire Dist.,* 16 AD2d 831; see *Messinero v City of Amsterdam, supra).* The recent case of *Sanchez v Village of Liberty* (49 AD2d 507) does not support the plaintiffs' contention as to the present complaint. Order affirmed, without costs. Greenblott, J. P., Mahoney, Main, Herlihy and Reynolds, JJ., concur.