■ JOHN DARMINIO, Appellant, v FRANK SPOSATO, Doing Business as CASTLE VIEW CATERERS, Respondent.—In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Westchester County, entered March 8, 1976, which is in favor of defendant, upon the trial court's dismissal of the complaint at the close of plaintiff's case, at a jury trial. Judgment reversed, on the law, and new trial granted, with costs to abide the event. Plaintiff, a musician, was a member of a band engaged to play at a club operated by defendant. The platform on which the band performed was eight feet long, six feet wide and three feet high. It was rectangular, except that its two front corners were cut off at angles. There was no guardrail around the edges; the premises were dimly lit. When plaintiff's turn came to sing, he stepped forward, with

his guitar, toward the area of the platform where one of its corners had been cut off, and fell, sustaining personal injuries. Our review of the evidence adduced at the trial on behalf of plaintiff, under the guidelines of *Basso v Miller* (40 NY2d 233) and *Scurti v City of New York* (40 NY2d 433), persuades us that, applying a standard of reasonable care under the circumstances, whereby foreseeability would be a measure of liability, the issue of negligence should have been left for determination by the jury. Martuscello, J. P., Rabin and Margett, JJ., concur; Cohalan and Mollen, JJ., dissent and vote to affirm the judgment, with the following memorandum: Plaintiff did not make out a prima facie case. Although defendant was under a duty to exercise reasonable care toward plaintiff, plaintiff failed to establish any breach of that duty. Plaintiff was about 48 years old at the time of the accident. He had been a member of the musicians' union since the age of 18. He testified that, although he had another regular occupation, he was a professional musician and played engagements at least once a week throughout the year. He played a number of instruments and also sang with the band. On the night of the accident he arrived at defendant's premises at 8:45 P.M., set up his instrument and commenced playing at 9:00 P.M. The house lights were dim, but they were on at all times. The bandstand platform was level, three feet high, six feet deep and eight feet long. The configuration was such that the front corners were not squared off, but were rather at an angle. The rear of the bandstand was against a wall. Plaintiff and the other band members played continuously between 9:00 P.M. and 12:20 A.M., with three breaks interspersed in that time. During the breaks, plaintiff would either sit at the side of the bandstand or alight from the bandstand with the aid of a chair. At 12:20 A.M. plaintiff was to commence singing. He stepped forward toward the front of the bandstand, picked up the microphone, took two steps forward, and fell off of the edge of the platform. According plaintiff's testimony the most favorable interpretation, we remain with the following evidence: plaintiff was an experienced musician, with more than 30 years of experience; there was no defect in the bandstand; plaintiff had ample opportunity for a period of more than three hours to observe the configuration of the platform and its height from the floor; and the lights, although dim, were on constantly. Under the circumstances, we fail to perceive a breach of any duty owed to plaintiff. Certainly, dim lighting is not unusual or unique at a dance, particularly to an experienced musician. A bandstand three feet high without any defects does not constitute a reasonably foreseeable danger. The trial court properly dismissed the complaint.