■ MONROE I. KATCHER, Appellant, v IDEAL TENNIS, INC., Respondent. (And Third- and Fourth-Party Actions.)—In a negligence action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered August 19, 1976, which was in favor of the defendant and against him upon the trial court's dismissal of the complaint at the close of the plaintiff's case, at a jury trial. Judgment affirmed, with costs. We agree with the trial court that the plaintiff has failed to establish either actual or constructive notice of the alleged defect on the part of the defendant sufficient to impose liability. Such proof constitutes a requisite element of the plaintiff's prima facie case (see *Bogart v Woolworth Co.,* 24 NY2d 936, 937, revg 31 AD2d 685; *Dowling v Wool-*

*worth Co.,* 16 AD2d 672). Furthermore, the plaintiff has also failed to demonstrate that the alleged defect was the proximate cause of the accident. Accordingly, the complaint was properly dismissed. Martuscello, Latham and Hawkins, JJ., concur; Hopkins, J. P., dissents and votes to reverse the judgment and grant a new trial, with the following memorandum: The plaintiff's complaint was dismissed at the end of his case because of his failure to establish a prima facie cause of action. The rule is that the court must consider the evidence in the light most favorable to the plaintiff and must afford to him the benefit of every favorable inference which may reasonably be drawn therefrom *(Stein v Palisi,* 308 NY 293, 294). The plaintiff, while playing tennis on a court maintained for hire by the defendant, fell and was injured on December 26, 1971. After hospitalization he returned to the scene and found a seam raised one-sixteenth to one-eighth of an inch above the surface of the court; a photograph was taken of the condition. The defendant was under a duty to keep the courts in a reasonably safe condition (see *Basso v Miller,* 40 NY2d 233, 241). The proprietor of recreational areas must be careful that the facilities rented are not potentially dangerous to its users (cf. *Solow v Levittown Arena,* 24 NY2d 812, revg 29 AD2d 669, on dissenting opn at App Div). Whether under the circumstances presented here the condition of the courts was dangerous was a question of fact for the jury, as was the question of whether the plaintiff's fall was caused by the condition (see *Rhodes v Towers,* 49 AD2d 981). Since the courts were maintained by the defendant, notice of the defect was not required if the condition was such that the defendant should have known of its existence (see *Cook v Great Atlantic & Pacific Tea Co.,* 244 App Div 63, 64, affd 268 NY 599). Foreseeability of injury was a jury question *(Darminio v Sposato,* 57 AD2d 883). Whether the plaintiff assumed the risk of playing or was guilty of contributory negligence was likewise a jury question (see *Schmerz v Salon,* 26 AD2d 691, affd 19 NY2d 846). Hence, the issues should have been submitted to the jury.