OPINION OF THE COURT
Lawrence E. Kahn, J.
In the case at bar, motions have been made on behalf of the defendants, County of Albany and City of Albany, for orders pursuant to CPLR 3211 (subd [a], par 7) dismissing *30 the complaint upon the ground that, as to said defendants, it fails to state a cause of action.
The action seeks money damages for personal injuries and derivative losses alleged to have been sustained as the result of an incident wherein the infant plaintiff is purported to have fallen through a screen window on the second floor of an apartment rented by the infant’s parent, Debra A. Drozdzal. Plaintiffs were welfare recipients, and thus, their rent was paid by the defendant, County of Albany, through its Department of Social Services. Prior to the making of any such payments, a certificate of occupancy is required to be obtained from the defendant, City of Albany. Plaintiffs allege that their cause of action arises from the failure of the city and county to properly inspect the premises, or warn the plaintiffs that the screen window was not of sufficient strength or quality to prevent the infant plaintiff from falling through said window to the pavement below.
Initially, this court has been requested to disregard and reject the supplemental affidavits submitted in opposition to the relief requested by Stephen J. Arlington, Esq., attorney for plaintiffs, dated January 21, and January 26, 1981, respectively. This request is predicated upon an alleged violation of DR 7-104 of the Code of Professional Responsibility, in that attorney Arlington is alleged to have communicated with an employee of the County of Albany, whom he knew to be represented by attorneys for the county. While it is acknowledged that said communications did in fact take place, the information sought to be obtained in no way directly involved any of the parties to this litigation, but rathei, sought to clarify general policies of the county which are matters of public record. As such, this court finds that no violation of the Code of Professional Responsibility has occurred, and, accordingly, has considered the affidavit of attorney Arlington in opposition to the relief requested.
On a motion pursuant to CPLR 3211 (subd [a], par 7) to dismiss for failure to state a cause of action, all the allegations of the complaint must be deemed true, and all reasonable inferences which may be attendant therein must be determined in a manner most favorable to the *31 plaintiff (Schuster v City of New York, 5 NY2d 75). Specifically, concerning the allegations contained in the instant complaint, the Court of Appeals has held that no liability may be incurred by a municipality predicated on its failure to enforce a statute or regulation, absent a special relationship which creates a municipal duty to exercise care for the benefit of a particular class of individuals (Motyka v City of Amsterdam, 15 NY2d 134, 139). Plaintiffs assert that in this action a “special relationship” has been created by the municipal defendants in undertaking the inspection of the premises where the infant fell through the screen. This court does hot agree. A reading of the ordinances of the Common Council of the City of Albany, creating residential occupancy permits and the Housing Code of the City of Albany, fails to establish any such special relationship whereby the plaintiff, whether or not she was a welfare recipient, could be guaranteed that a screen would be of sufficient strength to resist the weight of a child so as to prevent it from falling through the window. While the Housing Code does require screens from May 1 through November 1 on residential building windows, it is clear that their purpose is to keep the multiple dwelling “free of mosquitos, fleas and other flying insects”. (Albany Housing Code A604 [c].) “Because the statutes and ordinances involved in the case at bar create no * * * special relationship, no liability may be imposed [against the City].” (Sanchez v Village of Liberty, 42 NY2d 876, 878.) Likewise, “[a]s to the County * * * the complaint fails to state a cause of action and must be dismissed.” (Sanchez v Village of Liberty, 49 AD2d 507, 510.)
Accordingly, for the reasons hereinabove set forth, the respective motions to dismiss the complaint for failure to state a cause of action pursuant to CPLR 3211 (subd [a], par 7) shall be granted.