■ PETER LESTER, Respondent, v CITY OF NEW YORK et al., Appellants. [650 NYS2d 235] —Order, Supreme Court, New York County (Fern Fisher-Brandveen, J.), entered on or about December 1, 1995, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff, an experienced amateur hockey player, asserted that he was injured during a recreational hockey game, on newly resurfaced ice, when his skate blade caught in a 3/4 inch gap, obscured by water and slush, between the ice surface and the surrounding wall known as the "boards". This case is distinguishable from those in which skaters were found, as matter of law, to have assumed the risk of injury due to poor quality ice surfaces (*see, e.g., Byrne v Westchester County*, 178 AD2d 575), because the defect here could be viewed by a trier of fact as unusual, unexpected, and virtually undetectable (*compare, Schmerz v Salon*, 26 AD2d 691, *affd* 19 NY2d 846, *with Maddox v City of New York*, 66 NY2d 270). Since defendants had the responsibility to ensure that the ice was as safe as it appeared to be (*Nunez v Recreation Rooms & Settlement*, 229 AD2d 359), there are triable factual issues concerning defendants' negligence. Concur—Milonas, J. P., Ellerin, Rubin, Kupferman and Nardelli, JJ.