Morley v BPP St Owner, LLC (2021 NY Slip Op 05844)





Morley v BPP St Owner, LLC


2021 NY Slip Op 05844


Decided on October 26, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 26, 2021

Before: Kern, J.P., Oing, Singh, Mendez, Higgitt, JJ. 


Index No. 150239/17 Appeal No. 14479 Case No. 2020-02839 

[*1]Risa Morley, Individually and as Parent and Natural Guardian of JM, an Infant Under the Age of Fourteen Years Old, Plaintiff-Appellant,
v
BPP St Owner, LLC, et al., Defendants-Respondents, Stuyvesant Town-Peter Cooper Village, et al., Defendants.


Bailly and McMillan, LLP, White Plains (Richard DePonto of counsel), for appellant.
Roemer Wallens Gold & Mineaux, L.L.P., Albany (Matthew J. Kelly of counsel), for respondents.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered on or about April 21, 2020, which, to the extent appealed from, granted defendants BPP ST Owner, LLC (BPP) and IRE Crown Rinks, LLC's (IRE) motion for summary judgment dismissing the complaint as against them, unanimously modified, on the law, to deny the motion as to the claim of negligent assembly and maintenance and the derivative loss of society claim, and otherwise affirmed, without costs.
On November 8, 2016, plaintiff's seven-year-old daughter, "JM," attended a birthday party at an ice skating rink that defendants seasonally installed at the Stuyvesant Town residential complex in lower Manhattan. As JM skated, she held onto the top caprail of the rink's four foot tall perimeter boards, known as dasher boards. The dasher boards were typically utilized by skaters to support themselves and to rest during a skate session. Just prior to her accident, JM was intermittently skating and holding onto the top of the rink's dasher boards when her right thumb allegedly became lodged in a cracked, uneven gap between two adjoining dasher boards. Apparently unaware that her thumb was caught, JM moved away from the dasher boards and a portion of her right thumb that was caught tore off.
In January 2017, plaintiff commenced this action, alleging negligence by defendants collectively in the ownership, operation, and control of the ice rink, including negligent supervision of the rink's activities and condition, which proximately caused injury to her daughter's thumb and her daughter to suffer posttraumatic stress syndrome (PTSD).
After discovery, defendants BPP and IRE jointly moved for summary judgment dismissing the complaint in its entirety, or alternatively dismissing plaintiff's claim for PTSD. Plaintiff opposed on the grounds that the evidence raised triable issues of fact as to whether the dasher boards were negligently constructed or maintained, the ice rink was negligently supervised, and that there was no assumption of risk. Plaintiff also submitted a report from a licensed clinical social worker who, upon evaluating JM and rendering treatment, determined that she was suffering from PTSD.
Supreme Court granted defendants' motion and dismissed the complaint in its entirety. Plaintiff appeals.
BPP/IRE established that they lacked both actual and constructive notice of the alleged hazardous wall condition by submitting evidence that the rink's manager had, according to his regular routine, inspected the dasher boards, and the rink generally, shortly before the accident and found no hazards and that they did not receive any complaints (c.f. Vargas v Cadwalader Wickersham & Taft, LLP, 147 AD3d 551 [1st Dept 2017]). In opposition, plaintiff failed to raise issues of fact as to whether defendants had actual or constructive notice of the alleged hazardous wall condition.
Defendants made a prima facie showing that they did not create the hazardous wall condition by submitting evidence [*2]from the rink's manager that the rink was properly installed by a team of professionals and continuously inspected for defects after installation. In opposition, however, plaintiff raised an issue of fact as to whether defendants were negligent in the assembly and/or maintenance of the dasher boards by submitting the testimony of the employee who monitored the on-ice skating activity on the day of the incident that she observed a board separation of about an inch after the accident. Plaintiff's expert also affirmed that the rink's boards and caprails were not properly fastened or secured, were not flush and contained a significant uneven gap. Plaintiff thus established an issue of fact as to whether defendants breached a duty to ensure that the rink was as safe as it appeared to be (see Lester v City of New York, 234 AD2d 92 [1st Dept 1996]). Therefore, plaintiff's claim of negligent rink assembly and maintenance should be reinstated.
Finally, we agree with Supreme Court that plaintiff failed to raise an issue of fact as to the negligent supervision and PTSD claims.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 26, 2021